Charles Edward GROOME,
Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 06–97–00112–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Nov. 18, 1997.

Decided Dec. 3, 1997.

Rehearing Overruled Jan. 13, 1998.

Gary Young, McLaughlin, Hutchison, Hunt, Paris, for appellant.

Karla R. Baugh, Assistant County Attorney, Kerye Ashmore, Lamar County Attorneys Office, Paris, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

GRANT, Justice.

Charles Edward Groome, Jr. appeals from a conviction for burglary of a habitation. A jury found Groome guilty and assessed punishment at two years' imprisonment, probated.

Evidence presented at trial shows that sometime between 4:30 p.m. on September 23, 1995, and 10:30 a.m. on September 24, 1995, Theresa Groome's apartment was burglarized. Ms. Groom testified that when she returned to her apartment on the morning of the 24th, she found the front door open and a window screen removed. Of the fingerprints found on the outside of the window, one was identified as made by the right index finger of the appellant. Inside the apartment, divorce papers, which she had left filed in a filing cabinet, were on her coffee table. Other items in the apartment were out of place. Among the items missing from the apartment were an answering machine tape, a purse, a speeding ticket, money, a leather organizer, a box of new checks, an 8–millimeter wedding video, and a camcorder. The missing items were never recovered.

■ In his sole point of error, Groome challenges the legal and factual sufficiency of the evidence to support his conviction for burglary of a habitation. The elements of burglary of a habitation are 1) a person 2) without the effective consent of the owner 3) enters a habitation 4) with intent to commit a felony of theft.[1] Groome argues that the evidence of a single fingerprint on the outside of the apartment window is insufficient to prove entry into the apartment or intent to commit theft.

■ When reviewing the legal sufficiency of the evidence, the court must determine, while considering the evidence in the light most favorable to the verdict, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[2] A finding that the evidence is legally insufficient requires reversal and bars a retrial.[3]

The court has a duty to review the factual sufficiency of the evidence to support a conviction in a criminal case.[4] "This review, however, must be appropriately deferential so as to avoid an appellate court's substituting its judgment for that of the jury."[5] In determining factual sufficiency, we view all of the evidence to determine whether the judgment is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.[6] A finding that the evidence is

---

1. TEX. PENAL CODE ANN. § 30.02 (Vernon 1994 & Supp.1998).

2. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Little v. State*, 758 S.W.2d 551, 562 (Tex.Crim.App.1988).

3. *Graham v. State*, 643 S.W.2d 920, 924 (Tex. Crim.App.1981).

4. *Clewis v. State*, 922 S.W.2d 126 (Tex.Crim.App. 1996).

5. *Id.* at 133.

6. *Id.* at 129.

factually insufficient requires that the court reverse and remand for a new trial.[7]

■ The State presented evidence through the testimony of several witnesses. The State's first witness was Theresa Groome. Ms. Groom testified that she immediately suspected her ex-husband, the appellant, as the person who broke into her apartment. She stated that earlier on the day of the burglary, Groome had called to borrow her camcorder. Ms. Groome testified that, when she told the appellant that he could not borrow her camcorder, he called repeatedly and persisted in requesting the camcorder. Ms. Groome stated that she did not give in to his request and that she eventually quit answering the phone. The camcorder, which Ms. Groome stated she kept in a clothes hamper, was among the items missing from the apartment after the burglary. No other electronic equipment was taken. Ms. Groome further testified that the tape from her answering machine was also missing.

Besides the camcorder and answering machine tape, an 8–millimeter video of the Groomes' wedding was missing from the apartment. Sometime after the burglary, the appellant gave Ms. Groome a videocassette copy of the wedding video. Ms. Groome testified that she was not aware of any additional copies of the video other than her own.

Also missing from Ms. Groome's apartment was her purse, which contained a speeding ticket she received in Honey Grove. Ms. Groome testified that she had not mentioned the ticket to the appellant or to anyone else. She stated that, shortly before trial, the appellant commented on her getting a speeding citation in Honey Grove. According to Ms. Groome's testimony, the appellant had no way of knowing about the ticket unless he had seen it in her stolen purse.

Ms. Groome testified that some things in her apartment had been moved. She testified that divorce papers, which she had left in a filing cabinet in her bedroom closet, were out on her living room coffee table. A vase of flowers and knickknacks were knocked off tables onto her floor. Rolls of film were exposed.

Ms. Groome also testified that she saw the appellant at a local club the evening that he requested the camcorder. She stated that he was argumentative and verbally abusive. When she later discussed the burglary with the appellant, he said that she "could never prove anything."

The State also presented evidence through Officer Billy Hill, who went to Ms. Groome's apartment after she reported the burglary, and Detective Jeff Springer, the investigating detective. Hill testified that he dusted for fingerprints on the window that he determined was the burglar's point of entry into the apartment. Springer testified that a single, nonsmeared fingerprint found on the window matched the right index finger of the appellant.

In his defense, the appellant testified that he did not call Ms. Groome and ask to borrow her camcorder. He also said that more than one wedding videotape existed. He stated that he brought several videotapes to Ms. Groome at her request and that one of them had a copy of the wedding video on it. Ms. Groome stated that she was only speculating that she possessed the only copy of the videotape and that she could be wrong about how many copies existed.

Appellant also presented evidence to counter Ms. Groome's testimony about her speeding ticket. Appellant offered as an exhibit a letter from a collection service regarding Ms. Groome's speeding ticket. The letter was delivered to the appellant's business address. The letter contained the information which Ms. Groome testified the appellant could not have known without seeing the ticket.

Appellant offered alibi evidence for the evening through his own testimony, through the testimony of Margaret Broussard, and through the appellant's father, Chuck Groome.

On cross-examination, Detective Springer stated that Officer Hill failed to perform certain duties in his investigation of the burglary. Specifically, Springer stated that Hill should have attempted to find witnesses and should have tested the inside of the apartment and window screen for fingerprints.

7. *Id.* at 135.

Springer also stated that the appellant's fingerprint on the window was only proof that appellant had been outside the window at sometime in the past. Groome argues that the State presented no evidence connecting him to the burglary. He contends that the fingerprint does not connect him to the burglary.

■ One of the most important factors to be considered in evaluating the sufficiency of fingerprint evidence is the extent to which the fingerprinted object was accessible to the defendant.[8] Ms. Groome testified that the appellant had been to her apartment before the burglary. Appellant testified that he had been outside of Ms. Groome's apartment on several occasions. Specifically, the appellant stated that he once looked in the window to see if Ms. Groome was there. He testified that he may have put his hands to the window to shield any glare on the window. This explanation of how the fingerprint might have gotten on the window was discounted by other testimony.

Ms. Groom testified that the screens had never been removed from the windows of her apartment prior to the night of the burglary. Officer Hill testified that the screen in front of the window was bent in such a manner that suggested the screen had been removed. Two groups of fingerprints were found on the window, one in the upper left corner of the window and another in the upper right corner. All but one print was smeared. Detective Springer testified that the one clear print was of the right index finger of the appellant. The clear, identifiable print and the smeared prints all pointed in an upward direction, approximately three feet from the ground. Hill testified that the direction of these prints was consistent with the window having been pushed in and then up to open the window. Windows in the complex could be opened by that kind of pressure, according to Detective Springer.

■ The Court in *McCleskey v. State* held that a fingerprint outside of a habitation was insufficient evidence, standing alone, of entry.[9] A fingerprint on the outside of a window does not demonstrate entry and, therefore, although the fingerprint does provide some evidence that an individual may have been at the home at some time, it does not, in itself, establish that the individual committed the burglary.[10] In *Hood*, a single fingerprint made by the appellant was found on the outside of a burglarized home. Because no evidence placed Hood in the home or in possession of the stolen property, the fingerprint alone was insufficient to show entry.

The present case is similar to *Hood* in that the appellant was not caught while the burglary was in progress, was not seen at the apartment, and was not found to be in possession of the stolen items. However, evidence was presented that Groome's fingerprint was on an outside window *inside* of a screen. As noted above, Ms. Groome testified that the screen had never been removed from the window during the time she lived in the apartment. The investigating officers testified that the direction of Groome's fingerprint was consistent with pressing open the window. Further, the State presented evidence through Ms. Groome's testimony of the personal nature of items taken and disturbed by the burglar and the circumstances between her and the appellant that arose shortly before the burglary relating to the missing camcorder. Ms. Groome's testimony also showed a possible connection between Groome and the answering machine tape and wedding video.

■ Circumstantial evidence is "direct proof of a secondary fact which, by logical inference, demonstrates the ultimate fact to be proven." [11] Burglarious entry can be proven by circumstantial evidence.[12] In a circumstantial evidence case, every fact need not point directly and independently to the

8. *Phelps v. State*, 594 S.W.2d 434, 436 (Tex.Crim. App.1980).

9. *McCleskey v. State*, 924 S.W.2d 427, 428 (Tex. App.-Beaumont 1996, no pet.).

10. *Hood v. State*, 860 S.W.2d 931, 934 (Tex.App.- Texarkana 1993, no pet.).

11. *Cowan v. State*, 840 S.W.2d 435, 439 (Tex. Crim.App.1992) (citing *Taylor v. State*, 684 S.W.2d 682, 684 (Tex.Crim.App.1984)).

12. *Gilbertson v. State*, 563 S.W.2d 606, 608 (Tex. Crim.App.1978).

defendant's guilt; it is enough if the jury's conclusion is warranted by the cumulative force of all the circumstances.[13]

Considering the evidence in the light most favorable to the verdict, a rational trier of fact could have found the essential elements of entry and intent beyond a reasonable doubt. The evidence, therefore, is legally sufficient to support Groome's conviction.

Our review of all of the evidence presented shows that the judgment was not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. The evidence presented is, therefore, factually sufficient to support Groome's conviction.

The judgment of the trial court is affirmed.

---

13. *Russell v. State,* 665 S.W.2d 771, 776 (Tex. Crim.App.1983).