**Bobby Ray DIXON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–00–00069–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted Feb. 21, 2001.

Decided Feb. 22, 2001.

Todd Weldon Leblanc, Beaumont, for appellant.

Wayln G. Thompson, Asst. Dist. Atty., Rodney D. Conerly, Asst. Criminal Dist. Atty., Beaumont, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

GRANT, Justice.

Bobby Ray Dixon appeals his conviction for burglary of a habitation enhanced by two prior felony convictions. A jury found Dixon guilty, found the enhancement allegations true, and assessed punishment at twenty-five years' confinement.

Dixon first contends the trial court erred in denying his request to have

the jury instructed on the lesser included offense of possession of stolen property.[1] Pursuant to the Texas Code of Criminal Procedure, an offense is a lesser included offense of the charged offense if it is established by proof of the same or less than all the facts required to establish the commission of the charged offense. Tex.Code Crim.Proc.Ann. art. 37.09(1) (Vernon 1981). The Texas Court of Criminal Appeals has established a two-step test for determining when a jury charge on a lesser included offense should be given. The first step is to decide whether the lesser included offense must be included within the proof necessary to establish the offense charged. *Rousseau v. State,* 855 S.W.2d 666, 672–73 (Tex.Crim.App.1993). The second step requires an evaluation of the evidence to determine whether there is some evidence to permit a rational jury to find that if the defendant is guilty, he is guilty only of the lesser included offense. *Id.*

■■■ The elements of burglary of a habitation are (1) a person enters a habitation; (2) without the effective consent of the owner; and (3) with the intent to commit a felony, theft, or assault; or (4) the person commits or attempts to commit a felony, theft, or assault.[2] Tex.Pen.Code Ann. § 30.02(a)(1), (3) (Vernon Supp.2001). Possession of stolen property is a type of theft. Tex.Pen.Code Ann. § 31.02 (Vernon 1994). The elements of theft by possession of stolen property are (1) the person appropriated property (i.e., exercised control over property other than real property, or brought about a transfer or purported transfer of title to or other nonpossessory interest in

property); (2) unlawfully (i.e., without the owner's effective consent or knowing that the property was stolen by another); and (3) with intent to deprive the owner of the property. Tex.Pen.Code Ann. §§ 31.01(4)(B), 31.03(a), (b)(1), (2) (Vernon Supp.2001).

■■■ Theft by possession of stolen property may be a lesser included offense of burglary of a habitation when the State alleges that the defendant committed theft, but not when the State alleges that he intended to commit theft. *Garcia v. State,* 571 S.W.2d 896, 898 (Tex.Crim.App. [Panel Op.] 1978). However, in *Ex parte Sewell,* 606 S.W.2d 924, 924 (Tex.Crim.App.1980), the Texas Court of Criminal Appeals held that theft is not a lesser included offense of burglary of a habitation when actual theft is not charged. The court held that theft is not charged when the indictment does not describe the property or allege its value. *Id.* An indictment for theft that does not adequately describe the property or adequately allege its value would be defective and susceptible to a motion to quash. *See* Tex.Code Crim.Proc.Ann. art. 21.09 (Vernon 1989); *Peoples v. State,* 566 S.W.2d 640, 641 (Tex.Crim.App. [Panel Op.] 1978); *Standley v. State,* 517 S.W.2d 538, 540 (Tex.Crim.App.1975).

In the present case, the indictment does not describe the property allegedly stolen or the value of that property. Consequently, Dixon was not entitled to a lesser included offense instruction. We overrule his first issue on appeal.

■■■ In his second issue on appeal, Dixon contends the evidence is legally in-

---

1. The State contends that Dixon did not properly preserve error. However, the State offers no argument with corresponding citations to authority for that assertion. Consequently, its contention is improperly briefed. Tex.R.App.P. 38.1(h).

2. A person also commits burglary of a habitation if the person (1) remains concealed in a habitation; (2) without the effective consent of the owner; and (3) with the intent to commit a felony, theft, or assault. Tex.Pen. Code Ann. § 30.02(a)(2) (Vernon Supp.2001).

sufficient. In reviewing the legal sufficiency of evidence, we look to see whether, after viewing all of the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560, 573 (1979); *Lane v. State,* 933 S.W.2d 504, 507 (Tex.Crim.App.1996). We must evaluate all of the evidence in the record, both direct and circumstantial, whether admissible or inadmissible. *Johnson v. State,* 871 S.W.2d 183, 186 (Tex. Crim.App.1993).

The evidence showed that the victim was absent from her home between 6:00 p.m. and 2:00 a.m. When she returned she discovered her front door open, her living room light on, and her front window broken. She also discovered her television and some jewelry missing. She notified police, who investigated at the scene.

Approximately an hour later, police discovered Dixon outside his mother's house (where Dixon also lived) with the victim's television across the handlebars of his bicycle. A search of Dixon's person revealed the victim's jewelry. One of those pieces of jewelry had the victim's initials inscribed on it. There was testimony that the victim's house is around the corner and about 150 feet from Dixon's house. Dixon told the police that the television was his and the jewelry belonged to his girlfriend. The victim identified the property as hers.

 The indictment alleged that Dixon (1) intentionally entered the victim's home, (2) without the victim's effective consent, and (3) committed theft. Dixon contends that there is legally insufficient evidence to show that he entered the victim's home. Burglarious entry can be proven by circumstantial evidence. *Gilbertson v. State,* 563 S.W.2d 606, 608 (Tex. Crim.App. [Panel Op.] 1978); *Groome v.*

*State,* 957 S.W.2d 919, 922 (Tex.App.— Texarkana 1997, no pet.). When there is independent evidence of a burglary, the unexplained possession of recently stolen goods may constitute sufficient evidence of guilt. *Harris v. State,* 656 S.W.2d 481, 483 (Tex.Crim.App.1983). To warrant an inference of guilt, such possession must be personal, recent, unexplained, and involve a distinct and conscious assertion of a right to the property by the defendant. *Sutherlin v. State,* 682 S.W.2d 546, 549 (Tex. Crim.App.1984). The inference of guilt is not conclusive, however, and the sufficiency of the evidence must still be examined according to applicable evidentiary standards of appellate review. *Hardesty v. State,* 656 S.W.2d 73, 77 (Tex.Crim.App. 1983).

In the present case, there was evidence of a burglary. The victim and police both testified that a window was broken, someone had entered, and property was taken. Dixon was found an hour later about 150 feet away from the crime scene with the property on his person. Further, Dixon made a conscious assertion of a right to the property.

 Dixon contends he offered an explanation for his possession of the property that the State did not refute. If a defendant offers an explanation as to his possession of recently stolen property, the record must demonstrate that the defendant's explanation at the time his possession is called into question is either false or unreasonable before the evidence will support the conviction. *Id.* at 76; *Adams v. State,* 552 S.W.2d 812, 815 (Tex.Crim.App. 1977). Whether an explanation is true or reasonable is a question of fact. *Smith v. State,* 518 S.W.2d 823, 825 (Tex.Crim.App. 1975), *overruled on other grounds, Hardesty,* 656 S.W.2d at 77.

In the present case, a rational jury could have concluded beyond a reasonable doubt that Dixon's explanation for his possession of the stolen property was false. He told police that the television was his and the jewelry was his girlfriend's. However, the victim identified the property both at the scene and in court. In addition, one of the pieces of jewelry contained the victim's initials.

Dixon cites *England v. State*, 727 S.W.2d 810, 811–12 (Tex.App.—Austin 1987, no pet.), in which the defendant claimed that his roommate stole the property, and the property was found where the defendant, his roommate, and others had access. *England* is distinguishable because the defendant's possession of the stolen property was not shown to be personal. The State did not demonstrate that his explanation for his possession was false or unreasonable. In the present case, police found the property on Dixon's person. The State presented evidence that the property belonged to the victim, notwithstanding Dixon's claim of possession.

Consequently, the jury was entitled to convict Dixon based on his personal and recent possession of the property and his false assertion that it was his. We overrule Dixon's second issue on appeal.

The judgment is affirmed.