In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-00-320 CR


____________________



DERRICK DEWAYNE SPIKES, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 1-A District Court


Newton County, Texas


Trial Court No. 5013







OPINION


 Derrick Dewayne Spikes was convicted of burglary of a habitation and sentenced
to ten years imprisonment. On appeal, he argues that the evidence was factually
insufficient to support his conviction and that the trial court abused its discretion in
assessing punishment at confinement in the penitentiary rather than placing Spikes on
probation.


Factual Sufficiency In reviewing a conviction subjected to a factual sufficiency challenge, we conduct a
neutral review of all the evidence, both for and against the finding, to determine whether
proof of guilt is so obviously weak as to undermine confidence in the jury's determination.
See King v. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000). In addition, we ask if the
proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. Id. 
We will reverse the factfinder's determination only if a manifest injustice has occurred. Id. 
 The complainant testified that he returned home from work to find his home
burglarized. When police officer Les Amburn arrived, the complainant gave him a list of
property which had been stolen, which included an Emerson VCR, a Sony Play Station,
a Motorola pager, a red and white jersey shirt with the number 05 on it, a VCR movie and
a red "tote bag". 

 The complainant testified that on the day of the burglary he was told that Spikes had
been seen with his pager. He relayed this information to Officer Amburn and told Amburn
"what Derrick [Spikes] was driving." Amburn testified that he encountered Spikes shortly
thereafter at a local convenience store, and asked him if he had a pager. Spikes was not
wearing a pager, but gave Amburn permission to search his car. Amburn testified that he
saw a red tote bag in Spikes' trunk, and asked Spikes to open the bag. Amburn saw that
the bag contained a Sony Play Station and a red and white jersey numbered 05, items
reported stolen in the burglary. Amburn told Spikes he was under arrest, but Spikes fled
on foot and was not apprehended until "two to three months later." 

 The complainant identified the red tote bag seized from Spikes as his, and testified
that, during a confrontation between the two, Spikes acknowledged committing the
burglary. Another witness testified that he heard Spikes make the admission. 

 Rokeshia Hartsfield, Spikes' second cousin, testified that she had been with Spikes
throughout the day of the burglary and had seen him purchase a Play Station from a man
named Michael Price. Hartsfield's testimony offered Spikes both an alibi for the time of
the burglary and an explanation for his possession of at least one item. Amburn testified
that he had not dusted the complainant's home for fingerprints, and that some of the items
stolen from the complainant's home were not in Spikes' possession. 

 In Rogers v. State, 929 S.W.2d 103 (Tex. App.--Beaumont 1996, no pet.), we
affirmed a burglary conviction although it was undisputed that the appellant was not seen
entering or leaving the complainant's house, and no footprint or fingerprint evidence
appeared in the record. Id. at 108. "Case law has established when there is independent
evidence of a burglary, the unexplained personal possession of recently stolen property will
support an inference of guilt of the offense in which the property was stolen." Id. (citing
Hardesty v. State, 656 S.W.2d 73, 76 (Tex. Crim. App. 1983)). Similarly, in Price v.
State, 902 S.W.2d 677 (Tex. App.--Amarillo 1995, no pet.) the court of appeals affirmed
a burglary conviction of an appellant who attempted to pawn four rings stolen in a
burglary, though he claimed the rings were given to him by someone else and no direct
evidence placed him in the burglarized home. Id. at 678-79.

 The evidence supporting the conviction here is stronger than in Rogers or Price.
The jury heard testimony that Spikes told complainant he committed the burglary. 
Whether a defendant's explanation for possession of recently stolen property is true or
reasonable is a question of fact to be resolved by the trier of fact. Dixon v. State, 43
S.W.3d 548, 552 (Tex. App.--Texarkana 2001, no pet.). In this case, the jury heard
uncontroverted testimony that, when confronted by Officer Amburn with his possession
of the tote bag and Play Station, Spikes fled rather than offering any explanation. Flight
is a circumstance from which jurors may draw an inference of guilt. Alba v. State, 905
S.W.2d 581, 586 (Tex. Crim. App. 1995). And while Rokeshia Hartsfield's testimony,
if true, would furnish Spikes with an alibi, the jury was not required to believe her; the
jury was entitled to judge the credibility of the witnesses, and to believe some, all, or none
of the testimony presented. See Chambers v. State, 805 S.W.2d 459, 461 (Tex. Crim.
App. 1991). The evidence is not rendered insufficient merely because the appellant
presents a different version of events. Turro v. State, 867 S.W.2d 43, 47 (Tex. Crim.
App. 1993). The evidence for Spikes' guilt is not outweighed by evidence to the contrary,
and we see no reason to believe that an injustice has occurred. The first point of error is
overruled. 

The Sentencing Phase

 The second point of error contends that the trial court abused its discretion during
the sentencing phase of the trial. First, Spikes' apparently complains of the admission of
reputation and opinion testimony offered by several police witnesses, which he describes
as "nothing substantiated or concrete, just a number of hearsay and innuendos simply
because he was unliked [sic] by the law enforcement officers who came to testify on behalf
of the state." 

 Article 37.07, section 3(a)(1) of the Code of Criminal Procedure in part provides
that during the punishment phase of a criminal trial, reputation testimony and opinions
regarding character may be offered, as follows: 

 [E]vidence may be offered by the state and the defendant as to any matter the
court deems relevant to sentencing, including but not limited to the prior
criminal record of the defendant, his general reputation, his character, an
opinion regarding his character, . . .


Tex. Code Crim. Proc. Ann. art. 37.07 § 3(a)(1) (Vernon Supp. 2002) (emphasis added). 
The only objection offered at trial to any of this testimony was an objection to one officer's
reputation testimony as being based on hearsay. "Reputation of a person's character
among associates or in the community" is an exception to the hearsay rule. See Tex. R.
Evid. 803(21). "A reputation witness' testimony must be based on discussion with others
about the defendant[.]" House v. State, 909 S.W.2d 214, 218 (Tex. App.--Houston [14th
Dist.] 1995), aff'd 947 S.W.2d 251 (Tex. Crim. App. 1997). The trial court properly
overruled this objection. We overrule this issue. 

 Finally, we reject appellant's challenge to not having his prison sentence probated
by the trial court. The ten year sentence was within the statutory penalty range for
burglary of a habitation, and was half of the maximum sentence which might have been
imposed. See Tex. Pen. Code Ann. § 30.02 (c)(2) (Vernon Supp. 2002); Tex. Pen. Code
Ann. § 12.33(a) (Vernon 1994). The second point of error is overruled.

 The judgment of the trial court is AFFIRMED.

 

 _________________________________

 DAVID B. GAULTNEY

 Justice

Submitted on June 25, 2002

Opinion Delivered July 10, 2002

Do Not Publish


Before Burgess, Gaultney and Hill (1), JJ.
1. The Honorable John Hill, sitting by assignment pursuant to Tex. Gov't Code
Ann. § 74.003(b) (Vernon 1998).