In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00058-CR
______________________________


JULLIAN BOLTON, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 5th Judicial District Court
Bowie County, Texas
Trial Court No. 03F0718-005


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N

Â Â Â Â Â Â Â Â Â Â Jullian Bolton appeals his conviction by a jury for burglary of a habitation. The jury
assessed punishment at twenty-five years' imprisonment. Bolton's sole issue on appeal
is whether the evidence is factually sufficient to support the jury's verdict. We affirm the
judgment. 
Â Â Â Â Â Â Â Â Â Â Christopher Jones and several friends, including Gaylon Dixon, were playing cards,
drinking, and watching television in Jones' residence when four or five persons wearing
masks forcibly entered Jones' house and robbed them at gunpoint. Jerial Williams testified
that there were five burglars, who were wearing masks, and that all of them had guns. 
Williams testified that they forced him and his girlfriend to disrobe and that they beat him. 
Kelli Jackson, Williams' girlfriend at the time, testified the burglars forced her to disrobe
when they found out she had no money. The burglars hit Williams in the eye with a
flashlight. Eventually, Williams was able to leave the house and run to a neighbor's house. 
The neighbor called the police. While responding to the dispatch concerning a burglary
in process, Officer Jeff Savage observed a vehicle similar to the description in the dispatch
call of the suspect's car and attempted to stop the driver of the vehicle by activating his
overhead lights. The driver did not stop and led Savage on a chase. Eventually, the driver
pulled the vehicle to the side of the road, and five suspects exited and fled on foot into a
nearby wooded area. Savage apprehended Bolton after a short pursuit on foot. When
apprehended, Bolton had possession of Dixon's wallet, containing $400.00, and his cell
phone. These items were located in Bolton's right back pants pocket. 
Â Â Â Â Â Â Â Â Â Â Bolton contends there is no direct evidence he committed burglary. Because the
jury was not instructed on the law of parties and because none of the victims could identify
Bolton as the burglar, Bolton claims the evidence is insufficient. According to Bolton, he
cannot be held responsible for the actions of those whom he was simply accompanying
that night. He argues that it was equally likely he was outside in the car, ignorant of the
burglary, and therefore the evidence is factually insufficient. We disagree.
Â Â Â Â Â Â Â Â Â Â In a factual sufficiency review, the appellate court views all the evidence in a neutral
light and determines whether the evidence supporting the verdict is too weak to support
the finding of guilt beyond a reasonable doubt or if evidence contrary to the verdict is
strong enough that the beyond a reasonable doubt standard could not have been met.
Threadgill v. State, 146 S.W.3d 654, 664 (Tex. Crim. App. 2004) (citing Zuniga v. State,
144 S.W.3d 477, 486 (Tex. Crim. App. 2004)). If the evidence is factually insufficient, then
we must reverse the judgment and remand for a new trial. Clewis v. State, 922 S.W.2d
126, 135 (Tex. Crim. App. 1996).
Â Â Â Â Â Â Â Â Â Â Burglary may be proven with circumstantial evidence. Tabor v. State, 88 S.W.3d
783, 786 (Tex. App.âTyler 2002, no pet.); Dixon v. State, 43 S.W.3d 548, 552 (Tex.
App.âTexarkana 2001, no pet.). When there is independent evidence of a burglary, the
unexplained personal possession of recently stolen property will support an inference of
guilt of the offense in which the property was stolen. Hardesty v. State, 656 S.W.2d 73,
77 (Tex. Crim. App. 1983); Tabor, 88 S.W.3d at 786; Dixon, 43 S.W.3d at 552; Taylor v.
State, 921 S.W.2d 740, 744 (Tex. App.âEl Paso 1996, no pet.). The property must be
recently stolen property, and the defendant must fail to make a reasonable explanation at
the time of the arrest, to give rise to the inference. Hardesty, 656 S.W.2d at 77. In
addition, the possession of the property must involve a distinct and conscious assertion of
right to the property by the defendant. Tabor, 88 S.W.3d at 786. The inference of guilt is
a "permissible inference," not a "true presumption." Hardesty, 656 S.W.2d at 77. "[T]he
deduction of guilt drawn from a defendant's recent and unexplained possession of stolen
property is merely a circumstance of guilt and is not conclusive." Id. Whether a
defendant's explanation for possession of recently stolen property is true or reasonable is
a question of fact to be resolved by the trier of fact. Dixon, 43 S.W.3d at 552. The
sufficiency of the evidence, viewed as a whole, must still be examined under the applicable
standards of appellate review. Id.; Buchanan v. State, 780 S.W.2d 467, 471 (Tex.
App.âDallas 1989, pet. ref'd). 
Â Â Â Â Â Â Â Â Â Â The indictment alleged Bolton committed burglary by entering the habitation of
Jones without effective consent with the intent to commit robbery. A person commits the
offense of burglary if, without the effective consent of the owner, the person: "enters a
habitation, or a building (or any portion of a building) not then open to the public, with intent
to commit a felony, theft, or an assault." Tex. Pen. Code Ann. Â§ 30.02 (Vernon 2003). A
person commits the offense of robbery, a felony, if in the course of committing theft and
with intent to obtain or maintain control of the property, he or she: "(1) intentionally,
knowingly, or recklessly causes bodily injury to another; or (2) intentionally or knowingly
threatens or places another in fear of imminent bodily injury or death." Tex. Pen. Code
Ann. Â§ 29.02 (Vernon 2003). The State presented sufficient evidence Bolton entered
Jones' habitation without effective consent and with the intent to commit robbery.
Â Â Â Â Â Â Â Â Â Â The State presented sufficient independent evidence that a burglary occurred. 
Dixon, Jones, Williams, Jackson, Juanetta Rogers, and Chris Lee all testified several
masked men entered Jones' residence and robbed them at gunpoint. Both Dixon and
Williams testified at trial there were five burglars. Savage observed five suspects exit the
vehicle containing the suspects. Officer Billy McAnally responded and arrived at Jones'
residence shortly after the burglars left. McAnally informed Savage a burglary had been
committed. Jones testified he did not give consent for any of the burglars to enter his
home that night. 
Â Â Â Â Â Â Â Â Â Â Because there is independent evidence of a burglary, Bolton's unexplained personal
possession of recently stolen property will support an inference of guilt of the offense. 
Dixon testified he saw the police chasing the suspects a couple of minutes after the
robbery ended. When arrested, Bolton did not have any of the guns in his possession. 
The record does not indicate if he had possession of a mask. Although the record does
not indicate that any weapons or masks were found in the abandoned car, several
weapons were found in various locations near where the car was abandoned. While none
of the witnesses could identify Bolton as one of the burglars, several witnesses testified at
trial that five persons committed the burglary. Bolton was one of these five suspects. A
rational juror could have concluded beyond a reasonable doubt that Bolton was one of the
five burglars. When apprehended by Savage minutes after the burglary, Bolton had
Dixon's wallet and cell phone in his back pants pocket. Dixon identified the wallet and cell
phone found in Bolton's pocket as his wallet and cell phone, that were stolen by the
burglars. Thus, a permissive inference of guilt arose. Because the unexplained personal
possession of recently stolen property allowed a permissive inference of guilt, the evidence
is not so weak that the State could not have met its burden of proof.
Â Â Â Â Â Â Â Â Â Â After weighing the evidence supporting and contravening the conviction, we
conclude the contrary evidence is not so strong the State could not have met its burden
of proof. The record does contain some contrary evidence. During cross-examination,
McAnally testified some of the victims reported four burglars, while other victims reported
five. Dixon's statement on the night of the burglary claimed there were only four burglars. 
However, Dixon testified at trial that there were five burglars and noted that he did not type
the prior statement. Dixon stated the prior statement was in error. The contrary evidence
is not strong enough to have prevented the State from meeting its burden of proof.
Â Â Â Â Â Â Â Â Â Â Bolton cites Vodochodsky v. State, No. 74,129, 2004 Tex. Crim. App. LEXIS 663
(Tex. Crim. App. Apr. 21, 2004), in support of his argument that the evidence is insufficient. 
In Vodochodsky, the Texas Court of Criminal Appeals reversed a conviction for the murder
of a police officer by a friend of the appellant where there was no evidence the appellant
had acted with the intent to promote or assist in the murder despite his knowledge of his
friend's plan to commit the murder. Id. We find Vodochodsky distinguishable. The State's
theory of the case and the theory under which Bolton was charged were not that Bolton
was an accomplice to the burglary, but rather that he was a participant in the burglary. 
Â Â Â Â Â Â Â Â Â Â After considering all the evidence in a neutral light, we conclude the jury was
rationally justified in finding guilt beyond a reasonable doubt. The evidence is factually
sufficient to support the conviction. 
Â Â Â Â Â Â Â Â Â Â We affirm the judgment.


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Donald R. Ross
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Date Submitted:Â Â Â Â Â Â January 12, 2005
Date Decided:Â Â Â Â Â Â Â Â Â February 8, 2005

Do Not Publish



size: 10pt">[2]Tex. Prop. Code Ann. § 204.006 (Vernon Supp. 2003) provides:


 
(a) If existing restrictions applicable to a subdivision do not provide for
a property owners' association and require approval of more than 60 percent
of the owners to add to or modify the original dedicating instrument, a petition
to add to or modify the existing restrictions for the sole purpose of creating
and operating a property owners' association with mandatory membership,
mandatory regular or special assessments, and equivalent voting rights for
each of the owners in the subdivision is effective if:


 (1) a petition committee has been formed as prescribed by
Section 201.005;


 (2) the petition is approved by the owners, excluding
lienholders, contract purchasers, and the owners of mineral interests,
of at least 60 percent of the real property in the subdivision; and


 (3) the procedure employed in the circulation and approval of
the petition to add to or amend the existing restrictions for the
specified purpose complies with the requirements of this chapter.


 (b) If the circulated petition is not approved by the required percentage
of owners within one year of the creation of the petition committee, the
petition is void and another petition committee may be formed.


 (c) If the petition is approved, the petition is binding on all properties
in the subdivision or section, as applicable.