Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★ ★ ★ ★

**MEMORANDUM OPINION**

No. 04-08-00416-CR

Michael Anthony **FLORES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2002-CR-4571W
Honorable Maria Teresa Herr, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:        Karen Angelini, Justice
                Sandee Bryan Marion, Justice
                Rebecca Simmons, Justice

Delivered and Filed:   December 10, 2008

AFFIRMED

In 2002, defendant Michael Anthony Flores pled no contest to injury to a child and was placed on deferred adjudication. Subsequently, the State filed a motion to enter adjudication of guilt and revoke community supervision. After hearing testimony from several witnesses, the trial court revoked defendant's community supervision and sentenced defendant to five years' confinement. On appeal, defendant complains the trial court abused its discretion because the evidence was

insufficient to support the trial court's finding that he violated a condition of his community supervision. We affirm.

## DISCUSSION

In its motion to revoke, the State alleged defendant violated condition number one of his community supervision agreement by committing the offense of burglary of a habitation. Defendant argues on appeal the evidence was insufficient to prove he committed the offense. On a motion to revoke community supervision, the State bears the burden to prove its allegations by a preponderance of the evidence. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993) (en banc). The State meets its burden when the greater weight of the credible evidence creates a reasonable belief that the defendant violated a condition of his community supervision. *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006). "It is the trial court's duty to judge the credibility of the witnesses and to determine whether the allegations in the motion to revoke are true or not." *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981). We review the trial court's order revoking community supervision under an abuse of discretion standard. *Rickels*, 202 S.W. 3d at 763. We indulge all inferences in a light favoring the trial court's ruling, *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. [Panel Op.] 1979), and sustain the order of revocation if the evidence substantiates a single violation. *Jones v. State*, 571 S.W.2d 191, 193-94 (Tex. Crim. App. [Panel Op.] 1978).

Here, the State was required to show that defendant, without the consent of the owner, entered a habitation with the intent to commit a theft, actually committed a theft, or attempted to commit a theft. *See* TEX. PENAL CODE ANN. § 30.02(a)(1)-(3) (Vernon 2003). During the revocation hearing, the State presented the testimony of James Zaccaria, the owner of the home

defendant was accused of burglarizing. Zaccaria testified that when he returned home from vacation he discovered his apartment "in disarray" and personal property missing. While attempting to call the police, Zaccaria saw the back door to his apartment begin to open and defendant walk inside. It is not disputed that defendant entered Zaccaria's apartment without permission. After defendant saw Zaccaria in the apartment, he shoved Zaccaria and began to run away. Zaccaria yelled for help and two men stopped defendant from fleeing. The police arrived at the scene and defendant was arrested. Defendant had Zaccaria's pocket knife, wallet and credit cards in his possession, and he was wearing Zaccaria's shirt.

Defendant contends the evidence presented at the hearing was insufficient to prove he burglarized Zaccaria's home because there was no evidence to establish a "felony, theft, or an assault" when defendant entered the apartment. However, the unexplained personal possession of recently stolen property may constitute sufficient evidence to support a conviction. *See Chavez v. State*, 843 S.W.2d 586, 587 (Tex. Crim. App. 1992). Possession of stolen property will support an inference of guilt of the offense in which the property was stolen. *Hardesty v. State*, 656 S.W.2d 73, 76 (Tex. Crim. App. 1983). To warrant an inference of guilt based solely on the possession of stolen property, the State must establish the possession was personal, recent, and unexplained. *Grant v. State*, 566 S.W.2d 954, 956 (Tex. Crim. App. [Panel Op.] 1978). If the defendant offers an explanation for his possession of the stolen property, the record must demonstrate the account is false or unreasonable. *Adams v. State*, 552 S.W.2d 812, 815 (Tex. Crim. App. 1977). Whether a defendant's explanation for possession of recently stolen property is true or reasonable is a question of fact to be resolved by the trier of fact. *Dixon v. State*, 43 S.W.3d 548, 552 (Tex. App.—Texarkana 2001, no pet.).

Defendant explained during the revocation hearing that he had not stolen Zaccaria's personal property, but that he found the items on the street. As the sole trier of fact, the trial court is charged with the responsibility of deciding whether the defendant's explanation for possessing the stolen goods was unreasonable or untrue. *Akbar v. State*, 190 S.W.3d 119, 123 (Tex. App.—Houston [1st Dist.] 2005, no pet.). Here, the trial court chose not to believe defendant's explanation. We conclude that a rational trier of fact could have found by a preponderance of the evidence that defendant burglarized Zaccaria's apartment based on his personal, recent, and unexplained possession of Zaccaria's property. Therefore, the trial court did not abuse its discretion in determining the evidence was sufficient to support the revocation.

## CONCLUSION

We overrule defendant's issue on appeal and affirm the trial court's judgment.

Sandee Bryan Marion, Justice

DO NOT PUBLISH