**Opinion filed August 7, 2014**



**In The**

# Eleventh Court of Appeals

_____

## No. 11-13-00017-CR

_____

## JOSE MARTINEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR38530**

## M E M O R A N D U M   O P I N I O N

Jose Martinez[1] appeals his jury conviction of burglary of a building.  *See*
TEX. PENAL CODE ANN. § 30.02(a)(3) (West 2011).  The jury assessed Appellant's
punishment at confinement in the State Jail Division of the Texas Department of
Criminal Justice for a term of two years.  We affirm.

---

[1]We note that the name shown on the indictment is Jose Martinez, but that the name shown on the
judgment of conviction is Jose Martinez, Jr.

## I. *Evidence at Trial*

Appellant was charged by indictment with burglary of a building. The indictment alleged that, on or about December 9, 2010, Appellant intentionally and knowingly entered a building without the consent of Shirley Martinez, an agent for Ranchland Apartments, and attempted to commit and committed theft. Appellant pleaded "not guilty" to the charge; the case proceeded to trial.

Morris Taylor, a former maintenance worker at Ranchland Apartments in Midland, Texas, testified that he was on duty on December 9, 2010, when he saw Appellant walking with two copper pipes near the pool area of the apartment complex. Taylor asked Appellant where he got the pipes, and Appellant stated that he found them. Taylor noted that Appellant seemed jittery, nervous, and hostile. Taylor also questioned Appellant's explanation because Taylor had not seen any pipes on the grounds that day.

Although he could not say for sure, Taylor believed that Appellant had taken the pipes from the boiler room of the apartment complex because Taylor had stacked copper pipes in the boiler room that looked very similar to the pipes Appellant was carrying. Taylor explained that he usually kept the boiler room locked but that, on that day, the room was left unlocked to grant access to maintenance personnel working on the boiler. Taylor stated that only employees were allowed in the boiler room and that he did not give Appellant permission to enter the boiler room or to take any pipes.

After he confronted Appellant, Taylor informed Shirley Martinez, the compliance monitor for Ranchland Apartments, about the suspected theft. Appellant then returned one of the pipes.

Martinez testified that she was working in the main office at Ranchland Apartments on December 9, 2010, when Taylor ran into the office yelling about

someone stealing property from the apartment complex. Martinez then followed Taylor outside to speak with him and saw Appellant carrying a pipe.

After Martinez told Appellant that the pipe belonged to the apartment complex, he handed the pipe over to her. Appellant told Martinez that he found the pipe outside, but Martinez doubted this explanation because she had not seen any pipes on the grounds that day. Martinez noted that maintenance personnel later verified that the pipe Appellant returned belonged to the apartment complex and that the pipe was taken from the boiler room.

Officer Eliud Amparan of the Midland Police Department testified that he was dispatched to the Ranchland Apartments on December 9, 2010, to investigate a theft report. After he arrived on the scene, Officer Amparan spoke with Taylor and Martinez and determined that Appellant had stolen copper pipes from the boiler room of the apartment complex. Officer Amparan then arrested Appellant for the offense of theft.

After he was arrested, Appellant told Officer Amparan that "it was not theft because he gave them back." Officer Amparan assumed that Appellant was referring to the copper pipes when Appellant made the comment. Officer Amparan described Appellant's behavior following his arrest as "out of control" and noted that Appellant made several attempts to escape while being transported to the local jail.

Before Appellant took the stand, the trial court ruled that several of his prior convictions were admissible for impeachment. These convictions were all from 2011 and were for the offenses of resisting arrest, theft by check, and terroristic threat. Appellant did not object to the trial court's ruling, and he acknowledged the convictions during direct examination.

Appellant, a former resident of Ranchland Apartments, testified that he was picking up beer cans[2] on the apartment grounds on December 9, 2010, when he found two copper pipes by the fence surrounding the pool. Appellant believed the pipes were used because they were dirty. As Appellant was walking back to his apartment with the pipes, Taylor confronted him and accused him of taking the pipes from the boiler room. Appellant denied the accusation and told Taylor that he found the pipes on the apartment grounds.

Appellant first denied that he had ever been in the boiler room at Ranchland Apartments, but he later stated that he went into the boiler room and placed one of the pipes there after Taylor accused him of theft. Appellant noted that he returned the other pipe to Martinez.

Appellant stated that he told Officer Amparan he had returned the pipes, but Appellant denied making the statement that "it was not theft because [Appellant] gave them back." Appellant also denied the accusations against him and stated that he was "not a thief."

At this point, the State argued that Appellant had opened the door to the admission of his August 3, 1995 conviction for theft by check based on his claim that he was "not a thief." Appellant's attorney argued that the 1995 theft-by-check conviction was "too old," that Appellant did not open the door, that the evidence would be prejudicial, and that its prejudicial nature outweighed its probative value.

The trial court ruled (1) that the 1995 theft-by-check conviction was admissible because Appellant had opened the door when he testified that he was not a thief but (2) that Appellant's other remote convictions, such as DUI, assault family violence, possession of marihuana, and resisting arrest, were not admissible because Appellant's statement that he "must have been a bad boy" in the past did not open the door to these convictions. The trial court agreed with the State's

[2]Appellant explained that he was picking up the cans to sell them.

4

contention that the 1995 conviction for theft by check was admissible based on Appellant's "thief" comment.

Appellant then acknowledged the 1995 theft-by-check conviction during recross-examination. After Appellant finished his testimony, the trial court instructed the jury that the prior conviction was to be considered only in determining whether Appellant was telling the truth.

## II. *Issues Presented*

In two issues on appeal, Appellant contends (1) that the evidence was legally and factually insufficient to sustain his conviction and (2) that the trial court erred when it admitted his 1995 conviction for theft.

## III. *Standard of Review*

We review a sufficiency of the evidence issue under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under that standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

We review a trial court's decision to admit evidence for an abuse of discretion. *Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011). A trial court abuses its discretion only when its decision lies outside the zone of reasonable disagreement. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010).

IV. *Analysis*

A. *Sufficiency of the Evidence*

Appellant contends in his first issue that the evidence at trial was legally and factually insufficient to sustain his conviction for burglary of a building. In support of his contention, Appellant points to the fact that the State presented no direct evidence that he removed the pipes from the boiler room.

The indictment alleged that Appellant committed the offense of burglary of a building when he entered a building at Ranchland Apartments, without consent, and committed or attempted to commit theft. A person commits the offense of burglary "if, without the effective consent of the owner, the person enters a building or habitation and commits or attempts to commit a felony, theft, or an assault." PENAL § 30.02(a)(3). Burglarious entry may be proven by circumstantial evidence. *Gilbertson v. State*, 563 S.W.2d 606, 608 (Tex. Crim. App. 1978).

A theft is committed when a person "unlawfully appropriates property with intent to deprive the owner of property." PENAL § 31.03(a) (West Supp. 2013). A defendant's unexplained possession of property recently stolen in a burglary permits an inference that the defendant committed the burglary. *Rollerson v. State*, 227 S.W.3d 718, 725 (Tex. Crim. App. 2007). The shorter the period of time between the taking of the property and the defendant's possession of the property, the stronger the inference that the defendant knew the property was stolen. *Naranjo v. State*, 217 S.W.3d 560, 571 (Tex. App.—San Antonio 2006, no pet.).

If the accused explains his possession of the stolen property at the time of his arrest, the record must demonstrate that the account is false or unreasonable. *Adams v. State*, 552 S.W.2d 812, 815 (Tex. Crim. App. 1977). Whether the accused's explanation is false or unreasonable is an issue to be resolved by the trier of fact. *Dixon v. State*, 43 S.W.3d 548, 552 (Tex. App.—Texarkana 2001, no pet.).

6

In this case, the State was not required to provide the jury with direct evidence of Appellant's guilt of the charged offense. *See Gilbertson*, 563 S.W.2d at 608. The circumstantial evidence presented to the jury supported the theory that Appellant entered the boiler room of Ranchland Apartments and took two copper pipes from the room without the permission of apartment personnel. Although Appellant presented the jury with an alternative explanation of how he acquired the pipes, his story contained several inconsistencies, and the jury could disbelieve his testimony. *See Whitaker v. State*, 977 S.W.2d 595, 598 (Tex. Crim. App. 1998) (recognizing the factfinder is the exclusive judge of each witness's credibility and the weight to be given each witness's testimony); *Adelman v. State*, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992) (recognizing the trier of fact may accept or reject any or all of the testimony of any witness).

Having reviewed the evidence in the light most favorable to the verdict, we hold that a rational trier of fact could have found beyond a reasonable doubt that Appellant committed the offense of burglary of a building. Appellant's first issue is overruled.

### B. Admission of Prior Conviction

Appellant argues in his remaining issue that the trial court erred when it admitted his 1995 conviction for theft by check. Because Appellant objected to the State's use of the prior convictions, he has preserved this issue for appeal. *See* TEX. R. APP. P. 33.1(a)(1). Rule 609(a) of the Texas Rules of Evidence provides that evidence of a witness's prior conviction may be admitted for impeachment purposes if the crime was a felony or a crime of moral turpitude and the trial court determines that the probative value of the conviction outweighs its prejudicial effect. TEX. R. EVID. 609(a). Such evidence is not admissible if more than ten years have passed from the date of the conviction, unless the court determines that the probative value of the conviction substantially outweighs its prejudicial effect.

7

TEX. R. EVID. 609(b). But there is an exception to Rule 609 when the defendant "opens the door" to previously inadmissible evidence. *Delk v. State*, 855 S.W.2d 700, 704 (Tex. Crim. App. 1993).

Regardless of the provisions of Rule 609, an exception to the rule arises when a witness testifies regarding his past conduct and leaves the false impression that he has never been arrested, charged, or convicted of any offense. *Id.* When a witness creates a false impression regarding his law-abiding behavior, he "opens the door" to his criminal history. *Id.*; *Prescott v. State*, 744 S.W.2d 128, 131 (Tex. Crim. App. 1988). When making a determination as to whether the witness has "opened the door" to a showing of his prior criminal record, it is important to examine the answer given in relation to the question asked. *Delk*, 855 S.W.2d at 704. It is also important to determine how broadly the question is to be interpreted. *Id.*; *Sirois v. State*, No. 11-06-00240-CR, 2008 WL 1893291 (Tex. App.—Eastland Apr. 24, 2008, pet. ref'd) (mem. op., not designated for publication).

Appellant testified at trial and stated that he was not a thief. This left a false impression with the jury, and the State was allowed to correct the false impression with his 1995 conviction of theft by check. The trial court's decision was not outside the zone of reasonable disagreement when it ruled that the 1995 theft-by-check conviction was admissible because Appellant had opened the door. Appellant's second issue is overruled.

## V. *This Court's Ruling*

We affirm the judgment of the trial court.


August 7, 2014                                              MIKE WILLSON

Do not publish. *See* TEX. R. APP. P. 47.2(b).          JUSTICE

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.