

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00193-CR

_____

MICHAEL BOLDEN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 4th District Court
Rusk County, Texas
Trial Court No. CR18-181

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

## MEMORANDUM OPINION

After a Rusk County jury found Michael Bolden guilty of burglary of a building, he was sentenced to two years' confinement in a state jail facility of the Texas Department of Criminal Justice. In his sole issue on appeal, Bolden contends the trial court erred when it denied his motion for a directed verdict. For the reasons below, we affirm the trial court's judgment.

## I.    Background

Arthur Mumphrey had been slowly repairing what was described as a "fixer upper," with the intention of later renting the home. On May 7, 2018, Mumphrey stopped by the house, when he saw a cooler full of bottled water—which had previously been inside the house—with its contents scattered around the yard.[1] Mumphrey stated that he had recently replaced the back door of the home, but he noticed that "[i]t had just [been] ripped off." When he entered the home, he immediately determined that several items were missing, including a small refrigerator, a ladder, and some roofing materials. Mumphrey phoned his wife, explained the situation to her, and then asked her to contact the police.

Mumphrey's wife, Carolyn, testified that, not long after she spoke to her husband on the telephone, she and a friend were driving by Rosita's resale shop. As she passed Rosita's, she noticed the refrigerator outside the store. Carolyn turned the car around and went back to Rosita's. While there, Carolyn also observed some of the other stolen items that Mumphrey had described during their phone call. Carolyn immediately phoned Mumphrey to tell him about her discovery. She then contacted the police department to let them know that she had located the stolen property.

---

[1]Mumphrey explained that he had been working on the house the day before the incident took place.

Jose Castillo, who owned and worked at Rosita's resale shop, explained that when an individual sold merchandise to him, he would record in a receipt book the seller's name, address, and sometimes a description of the merchandise. According to Castillo, on May 6, 2018, Bolden sold him a ladder, some roofing supplies, and a small refrigerator.[2]

Eddie Ross, a sergeant with the Rusk County Sheriff's Department, testified that, on May 7, 2018, he received information "that there was some property located at Rosita's resale shop . . . that possibly was property that was taken in a burglary . . . from the Mumphrey residence." On that same day, Ross went to Rosita's and spoke with Castillo about the property. Castillo voluntarily gave Ross the merchandise at issue, along with the sales receipt reflecting the transaction. Shortly thereafter, Mumphrey arrived at the sheriff's office, where he identified the items as being the property that had been stolen from his house.

After the State presented its evidence, Bolden asked for a directed verdict, stating that "the State ha[d] not offered any evidence to prove that Mr. Bolden entered the building or residence" and "there's no point in going further." The trial court denied Bolden's request. The trial proceeded forward, leading to the guilty verdict against Bolden. On appeal, Bolden contends the trial court erred when it denied his motion for a directed verdict because the evidence presented by the State was legally insufficient to support a conviction for burglary of a building. We disagree.

---

[2]The State offered, and the trial court admitted, a copy of a receipt of sale that showed Bolden's name, address, his identification number, and that a "mini-fridge/ladder, roofing supplies" had been sold to Castillo in exchange for fifty dollars.

## II.    Standard of Review

A challenge to a trial court's denial of a motion for a directed verdict is a challenge to the sufficiency of the evidence to support a conviction and is reviewed under the same standard. *Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996).  In evaluating legal sufficiency, we must review all the evidence in the light most favorable to the verdict to determine whether any rational fact-finder could have found, beyond a reasonable doubt, that Bolden was guilty of burglary of a building.  *See Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality op.) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd) (citing *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)).  Our rigorous legal sufficiency review focuses on the quality of the evidence presented.  *Brooks*, 323 S.W.3d at 917 (Cochran, J., concurring).

We examine legal sufficiency under the direction of the *Brooks* opinion, while deferring to the responsibility of the fact-finder "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."  *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19).[3]  Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge.  *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).  The hypothetically correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the

---

[3]The fact-finder may judge the credibility of the witnesses and may choose to believe all, some, or none of the testimony presented at trial.  *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*

## III.    Discussion

A person commits the offense of burglary if, without the effective consent of the owner, he enters a habitation with intent to commit theft. TEX. PEN. CODE ANN. § 30.02(a)(1) (West 2019).[4] Burglary can be proven solely through circumstantial evidence. *Gilbertson v. State*, 563 S.W.2d 606, 608 (Tex. Crim. App. [Panel Op.] 1978). When there is independent evidence of a burglary, the unexplained personal possession of recently stolen property may constitute sufficient evidence to support a conviction. *See Chavez v. State*, 843 S.W.2d 586, 587 (Tex. Crim. App. 1992); *Sutherlin v. State*, 682 S.W.2d 546, 549 (Tex. Crim. App. 1984). Mere possession of stolen property does not support a presumption of guilt, but it will support an inference of guilt of the offense in which the property was stolen. *Hardesty v. State*, 656 S.W.2d 73, 76 (Tex. Crim. App. 1983).[5] To warrant an inference of guilt based solely on the possession of stolen property, it must

---

[4]The State's indictment against Bolden states, in relevant part, that, on or about May 6, 2018, Bolden "did then and there intentionally and knowingly enter a building or portion of a building without the effective consent of Arthur Mumphrey, Jr., the owner thereof, and attempted to commit or committed theft of property, namely 4 rolls of tar paper, owned by Arthur Mumphrey, Jr."

[5]The inference of guilt which may follow unexplained recent possession is a "permissible inference," not a "true presumption." *Hardesty*, 656 S.W.2d at 77. "The deduction of guilt drawn from a defendant's recent and unexplained possession of stolen property is merely a circumstance of guilt and is not conclusive." *Id*. In *Hielscher*, the Texas Court of Criminal Appeals explained,

> Although possession is presumptive evidence of guilt, as distinguished from positive or direct evidence, the inference or deduction of guilt arising therefrom is not a presumption or conclusion of law; it is an inference or deduction of fact to be drawn by the jury from the evidence. The mere fact of possession is not prima facie evidence that the possession is illegal, and does not shift the burden from the state to the defendant.

*Hielscher v. State*, 511 S.W.2d 305, 307 (Tex. Crim. App. 1974).

be established that the possession was personal, recent, and unexplained. *Grant v. State*, 566 S.W.2d 954, 956 (Tex. Crim. App. [Panel Op.] 1978).

And the possession must involve a distinct and conscious assertion of right to the property by the defendant. *Id.* If the defendant explains his or her possession of the stolen property, the record must show the account is false or unreasonable. *Adams v. State*, 552 S.W.2d 812, 815 (Tex. Crim. App. 1977). Whether a defendant's explanation for possession of recently stolen property is true or reasonable is a question of fact to be resolved by the trier of fact. *Dixon v. State*, 43 S.W.3d 548, 552 (Tex. App.—Texarkana 2001, no pet.).

Here, there was independent evidence of a burglary. *See Chavez*, 843 S.W.2d at 587. Mumphrey testified that on May 7, 2018, he noticed, among other things, that the back door to his house had been "ripped off." According to Mumphrey, someone had entered the property without his permission and taken various items, including tar paper and a refrigerator that contained his initials on the bottom. Shortly thereafter, Carolyn located the property at Rosita's. Ross went to Rosita's that same day and spoke with Castillo, the owner of the shop. Castillo provided Ross with a May 6, 2018, written sales receipt, which contained not only the items that had been taken from Mumphrey's house, but also Bolden's name, address, and identification number. And at trial, Castillo identified Bolden as the person who sold him the items at issue.

Viewed in the light most favorable to the verdict, the evidence showed that, just one day before Mumphrey discovered that his house had been broken into, Bolden was in possession of Mumphrey's property. There was no evidence that Bolden asserted or established at trial that he had a valid right to possess Mumphrey's property. The evidence did establish, however, that

6

Mumphrey had not given Bolden permission to take or sell the property. We hold that a rational fact-finder could have found, beyond a reasonable doubt, that Bolden burglarized Mumphrey's house based on Bolden's personal, recent, and unexplained possession of Mumphrey's property. *See Grant*, 566 S.W.2d at 956.

We overrule Bolden's sole point of error.

## IV. Conclusion

We affirm the trial court's judgment.

Scott E. Stevens
Justice

Date Submitted: March 14, 2019
Date Decided: April 24, 2019

Do Not Publish