**Gene Ray TABOR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–01–00167–CR.**

Court of Appeals of Texas,
Tyler.

Sept. 18, 2002.

---

1. This is the date of mailing. *See* TEX.R.APP. P. 9.2(b).

Steven R. Green, Athens, for appellant.

Panel consisted of GOHMERT, JR., C.J., WORTHEN, J., and GRIFFITH, J.

LOUIS B. GOHMERT, JR., Chief Justice.

Appellant Gene Ray Tabor appeals his conviction for the offense of burglary of a habitation for which he was sentenced to fifteen years in prison and a fine of $10,000.00. In three issues, Appellant contends that the evidence is legally and fac-tually insufficient to support the conviction and that the trial court erred by failing to instruct the jury on the State's burden of proof in the punishment phase of the trial. We affirm.

## BACKGROUND

On April 17, 2000, Appellant went into D.J.'s Check Cashing business and cashed two one-hundred-dollar travelers checks in the name of Beatrice Hayes ("Hayes"). Appellant told Deborah McMullen ("McMullen"), who owned D.J.'s along with her husband, that Hayes had given him the checks as payment for yard work. Be-fore cashing the checks, McMullen verified with the issuer of the travelers checks that they had not been reported stolen. McMullen attempted to contact Hayes be-fore cashing the checks, but her efforts were unsuccessful. To cash the checks, Appellant used his own driver's license, provided a Social Security number, provid-ed a local address, and provided a place of employment. The whole transaction was captured on videotape.

Shortly after Appellant left D.J.'s, McMullen reached Hayes. Hayes went and looked in her purse and discovered that the travelers checks were missing along with a personal check, some cash, a Wal–Mart gift card, and her car keys. When Hayes had put the cash in her purse the previous night, she noted that the trav-elers checks, car keys and other items were there. Hayes had put her purse in her bedroom closet and had not left the house that night, so she concluded that someone had come into her home during the night and taken the travelers checks and other items. Hayes and McMullen both contacted the police.

On April 19, 2000, Hayes' car was stolen from outside her home. Some days or

weeks later,[1] Hayes' car was found in Dallas County. In the meantime, Appellant had been arrested in Dallas County, and when he was booked into the jail, Appellant had Hayes' car keys in his possession.

#### SUFFICIENCY OF THE EVIDENCE

In his first and second issues, Appellant contends that the evidence is legally and factually insufficient to support his conviction because there was no evidence that he entered the habitation of Mrs. Hayes.

■ A person commits the offense of burglary if, without the effective consent of the owner, he enters a habitation with intent to commit theft. TEX. PEN.CODE ANN. § 30.02(a)(1) (Vernon Supp.2002). Burglary of a habitation under such circumstances is a felony of the second degree. TEX. PEN.CODE ANN. § 30.02(c)(2) (Vernon Supp.2002). Burglarious entry can be proven solely through circumstantial evidence. *Gilbertson v. State*, 563 S.W.2d 606, 608 (Tex.Crim.App. [Panel Op.] 1978).

■ In cases where there is independent evidence of a burglary, the unexplained personal possession of recently stolen property may constitute sufficient evidence to support a conviction. *See Chavez v. State*, 843 S.W.2d 586, 587 (Tex. Crim.App.1992); *Sutherlin v. State*, 682 S.W.2d 546, 549 (Tex.Crim.App.1984). Mere possession of stolen property does not give rise to a presumption of guilt, but rather it will support an inference of guilt of the offense in which the property was stolen. *Hardesty v. State*, 656 S.W.2d 73, 76 (Tex.Crim.App.1983). To warrant an inference of guilt based solely on the possession of stolen property, it must be established that the possession was personal, recent, and unexplained. *Grant v. State*, 566 S.W.2d 954, 956 (Tex.Crim.App. [Panel

Op.] 1978). Also, the possession must involve a distinct and conscious assertion of right to the property by the defendant. *Id.* If the defendant offers an explanation for his possession of the stolen property, the record must demonstrate the account is false or unreasonable. *Adams v. State*, 552 S.W.2d 812, 815 (Tex.Crim.App.1977). Whether a defendant's explanation for possession of recently stolen property is true or reasonable is a question of fact to be resolved by the trier of fact. *Dixon v. State*, 43 S.W.3d 548, 552 (Tex.App.-Texarkana 2001, no pet.).

#### *Legal Sufficiency*

■ The standard of review for legal sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the jury's verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Lacour v. State*, 8 S.W.3d 670, 671 (Tex.Crim.App.2000). An appellate court should uphold the jury's verdict "unless it is found to be irrational or unsupported by more than a mere modicum of evidence." *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App.1988). The jury is the exclusive judge of the credibility of the witnesses and of the weight to be given their testimony. *Barnes v. State*, 876 S.W.2d 316, 321 (Tex.Crim.App.1994). Likewise, reconciliation of conflicts in the evidence is within the exclusive province of the jury. *Losada v. State*, 721 S.W.2d 305, 309 (Tex.Crim.App.1986).

In the case before us, the evidence was uncontroverted that Hayes' home was burglarized sometime after she put her purse in her bedroom closet on the night of April 16, 2000, and before she awoke on the

---

1. The record is unclear as to the time.

morning of April 17, 2000. Hayes told the jury that she did not leave the house after putting the cash in her purse and putting her purse in her bedroom closet on the night of April 16, 2000. Hayes testified that four one-hundred-dollar travelers checks, her car keys, and several other items which she saw in her purse on the night of April 16 were missing from her purse the next morning, and, thus, must have been taken from her home while she slept that night. The evidence showed that at about ten o'clock on the morning of April 17, 2000, Appellant cashed two of Hayes' travelers checks, signing his own name on the back of the checks and using his own driver's license for identification. Appellant told McMullen that Hayes gave him the checks as payment for yard work. However, Hayes testified that she did not give the travelers checks to anyone and that she did not know nor remember ever even meeting Appellant. Further, the evidence was uncontroverted that Hayes' car was stolen two days after she discovered that her keys had been taken. The evidence showed that Hayes' car was recovered in Dallas County sometime later, that Appellant had been arrested in Dallas County, and that when he was arrested, Appellant had Hayes' car keys in his possession.

The evidence, viewed in the light most favorable to the jury's verdict, showed that the morning after the burglary, Appellant had personal possession of at least two of the travelers checks taken during the burglary and that Appellant had personal possession of the car keys taken during the burglary some time later. *Grant,* 566 S.W.2d at 956. Because the record is unclear as to the time when Appellant was found to be in possession of Hayes' car keys, we limit our analysis to the evidence of Appellant's possession of the travelers checks. *Id.* Regarding the travelers checks, the evidence further showed that

Appellant established a distinct and conscious assertion of right to the two travelers checks by cashing them. *Id.* Finally, the evidence showed that Hayes did not give the travelers checks to Appellant. *Adams,* 552 S.W.2d at 815. Viewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Appellant burglarized Hayes' home based on his personal, recent, and unexplained possession of Hayes' property. Therefore, we hold that the evidence is legally sufficient to support Appellant's conviction. Accordingly, Appellant's first issue is overruled.

### Factual Sufficiency

When reviewing the factual sufficiency of the evidence, we must ask whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the jury's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. *Johnson v. State,* 23 S.W.3d 1, 11 (Tex.Crim.App. 2000). This review must employ appropriate deference to prevent an appellate court from substituting its judgment for that of the fact finder, and any evaluation should not substantially intrude upon the fact finder's role as the sole judge of the weight and credibility to be given to the testimony of the witnesses. *See Jones v. State,* 944 S.W.2d 642, 648 (Tex.Crim.App. 1996). We will reverse the factfinder's determination only if a manifest injustice has occurred. *King v. State,* 29 S.W.3d 556, 563 (Tex.Crim.App.2000).

The evidence, viewed in a neutral light, showed that Appellant had personal possession of at least two of Hayes' travelers checks less than twenty-four hours after the burglary and that Appellant had per-

sonal possession of her car keys some time later. *Grant*, 566 S.W.2d at 956. Again, we limit our consideration to evidence of Appellant's possession of the travelers checks because the record is unclear as to when Appellant possessed Hayes' car keys. Regarding the travelers checks, the evidence further showed that Hayes did not give the travelers checks to Appellant and that Appellant established a distinct and conscious assertion of right to the two travelers checks by cashing them. *Id.* We hold that the proof of guilt is not so obviously weak as to undermine confidence in the jury's determination.

Appellant did not call any witnesses to offer contrary proof through direct evidence. Appellant did suggest by his questions of the State's witnesses, in his opening statement, and in his closing argument, that Hayes' grandson, who was in D.J.'s when Appellant cashed the travelers checks, was the burglar. However, the jury was in the best position to judge the credibility of Appellant's theory of the case, and to say that the record clearly reveals that a different verdict would be appropriate in this case would require us to substitute our judgment for that of the factfinder which we decline to do. Finding no manifest injustice apparent, we hold that the evidence is factually sufficient to support the jury's verdict. Therefore, Appellant's second issue is overruled.

### THE JURY CHARGE

In his third issue, Appellant contends that the trial court erred by failing to *sua sponte* instruct the jury during the punishment phase that it could consider evidence of extraneous offenses only if it believed beyond a reasonable doubt that Appellant had committed the offenses.

At the punishment phase of the trial, the State offered two "pen packets" into evidence showing that Appellant had been convicted of possession of a controlled substance, unauthorized use of a motor vehicle, and felony theft. Appellant stated that he had "no objection" to the exhibits. No further evidence was offered on the issue of punishment by either party, and neither party objected to the charge.

Article 37.07, sections 3(a) and (b) of the Texas Code of Criminal Procedure requires the trial court to instruct the jury at the punishment phase not to consider evidence of extraneous crimes or bad acts unless it is shown beyond a reasonable doubt that the defendant committed them. *See* TEX.CODE CRIM. PROC. ANN. art. 37.07, §§ 3(a), (b) (Vernon Supp.2002); *Huizar v. State*, 12 S.W.3d 479, 482–83 (Tex.Crim. App.2000). Even in the absence of a request or objection by Appellant, the trial court is required to *sua sponte* instruct the jury on the State's burden of proof under Article 37.07. *See id.* at 484. The trial court's failure to give such an instruction is error. *See id.*

Where Appellant did not object to the trial court's failure to include an instruction under Article 37.07, jury charge error does not require reversal unless it was so harmful that the defendant was denied a fair and impartial trial and suffered actual egregious harm. *See Huizar v. State*, 29 S.W.3d 249, 251 (Tex.App.-San Antonio 2000, pet. ref'd). "Egregious harm" exists when the error was so harmful as to deny the defendant "a fair and impartial trial" or when the error was calculated to harm the defendant. TEX. CODE CRIM. PROC. ANN. art. 36.19 (Vernon 1981); *Barrera v. State*, 982 S.W.2d 415, 417 (Tex.Crim.App.1998). The degree of harm must be evaluated "in light of the entire jury charge, the state of the evidence, including contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the

trial as a whole." *Huizar*, 29 S.W.3d at 251. Any harm suffered must be actual and not merely theoretical. *See Dickey v. State*, 22 S.W.3d 490, 492 (Tex.Crim.App. 1999).

After reviewing the record of the trial as a whole, we do not believe that Appellant was denied a fair and impartial trial or suffered actual egregious harm by the omission of the jury instruction. Where the jury's verdict on guilt/innocence was that Appellant burglarized the home of an elderly woman as she slept in her bed, we decline to speculate that Appellant received a longer sentence than he would have had the instruction been included. Because the fifteen-year sentence and $10,000.00 fine were well within the punishment range for the offense, Appellant has not demonstrated that he suffered egregious harm, especially where the prosecutor argued for a twenty-year sentence. *See Huizar*, 29 S.W.3d at 251. Therefore, we cannot conclude that Appellant suffered actual, egregious harm due to the trial court's failure to *sua sponte* instruct the jury on the State's burden of proof regarding extraneous offense evidence. Accordingly, we overrule Appellant's third issue.

The judgment of the trial court is *affirmed*.