LaChance Crutchfield v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-002-CR

     LaCHANCE CRUTCHFIELD,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 13th District Court
Navarro County, Texas
Trial Court # 27,598
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      A jury convicted LaChance Crutchfield of burglary of a habitation and sentenced him to
fifteen years’ imprisonment. Crutchfield contends that the evidence is legally and factually
insufficient to sustain the conviction. We will affirm the judgment.
BACKGROUND
      While Roger Decapua was out of town, a neighbor discovered that his home had been
burglarized. As the investigating officer inspected the scene, Decapua contacted him by
telephone, and they determined that two shotguns, a watch, and a jar of coins had been stolen.
      Earlier the same day, Texas Ranger Steve Foster had been attempting to serve arrest
warrants on Crutchfield and his brother. Foster observed them in a black GMC pickup and
tried to stop them. Apparently, they temporarily eluded him and abandoned the pickup at the
residence of J. D. Wilson. Foster determined that the pickup was stolen. He found Decapua’s
shotguns and coin jar in the passenger compartment of the pickup. He also found a dog in the
front seat.
      Crutchfield and his brother were later apprehended. According to Foster, Crutchfield
admitted in an interview that the dog was his but offered no explanation for why the shotguns
and coin jar were in the pickup.
      Crutchfield testified that his brother and he drove a blue Dodge Aspen to Wilson’s
residence on the date in question to obtain the certificate of title from Wilson. To support this
testimony, he offered in evidence a certificate of title for a 2-door Dodge which had been sold
by David Brooks to Jack Wilson according to the endorsements on the back of the certificate. 
He testified that his brother and he noticed the police officers when they left Wilson’s home
and fled on foot because they knew they had outstanding warrants. He stated that he saw the
black pickup for the first time when they stepped outside of Wilson’s home. He testified that
the dog was not his and denied telling Foster otherwise.
      The State impeached Crutchfield with evidence that he had been previously convicted of
burglary of a habitation, credit card abuse, and two charges of unauthorized use of a motor
vehicle. The State also impeached him with his juvenile record involving adjudications of
delinquent conduct for burglary and theft.
      The jury rejected Crutchfield’s testimony and convicted him as charged.
LEGAL SUFFICIENCY
      Crutchfield argues in his second point that the evidence is legally insufficient because the
State offered no evidence linking him directly to Decapua’s residence or to the stolen items
recovered from the pickup.
      In reviewing a claim of legal insufficiency, we view the evidence in a light most favorable
to the verdict and determine whether any rational trier of fact could have found the essential
element beyond a reasonable doubt. Lacour v. State, 8 S.W.3d 670, 671 (Tex. Crim. App.
2000) (citing Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560
(1979)). We resolve any inconsistencies in the evidence in favor of the verdict. Curry v.
State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).
      The State may prove a burglary case by direct or circumstantial evidence. See Gilbertson
v. State, 563 S.W.2d 606, 608 (Tex. Crim. App. [Panel Op.] 1978); Mabra v. State, 997
S.W.2d 770, 774 (Tex. App.—Amarillo 1999, pet. ref’d); accord Jackson v. State, 12 S.W.3d
836, 839-40 (Tex. App.—Waco 2000, pet. ref’d). When the State presents independent
evidence of a burglary, the unexplained possession by the accused of the property stolen close
in time to the burglary may constitute sufficient circumstantial evidence to support a
conviction. Tabor v. State, 88 S.W.3d 783, 786 (Tex. App.—Tyler 2002, no pet.); accord
Chavez v. State, 843 S.W.2d 586, 587 (Tex. Crim. App. 1992); Jackson, 12 S.W.3d at 839.
      The accused must exhibit “a distinct and conscious assertion of right to the [stolen]
property” for the possession to give rise to an inference of guilt. Rodriguez v. State, 549
S.W.2d 747, 749 (Tex. Crim. App. 1977); Tabor, 88 S.W.3d at 786; Jimenez v. State, 67
S.W.3d 493, 507 (Tex. App.—Corpus Christi 2002, pet. ref’d). If the accused offers an
explanation for his possession of the stolen property, the trier of fact must determine whether
the explanation is true and reasonable in light of the evidence presented. Adams v. State, 552
S.W.2d 812, 815 (Tex. Crim. App. 1977); Tabor, 88 S.W.3d at 786; accord Jackson, 12
S.W.3d at 840.
      Here, Foster’s testimony established that Crutchfield was in possession of the black pickup
on the same day the burglary occurred. The items stolen from Decapua’s home were in the
passenger compartment of the pickup as was Crutchfield’s dog. When Crutchfield claimed
ownership of the dog, he made a “distinct and conscious assertion of right to the property” in
the pickup sufficient to support a finding that he was in possession of the stolen items in the
pickup. See Marbles v. State, 874 S.W.2d 225, 227-28 (Tex. App.—Houston [1st Dist.] 1994,
no pet.); cf. Jordan v. State, 658 S.W.2d 675, 676 (Tex. App.—Dallas 1983, no pet.) (“The
State offered no evidence to prove that the burglary had occurred after the appellant obtained
possession of the automobile. While appellant was arrested some 300 feet from the vehicle,
there was no evidence as to how long it had been since he occupied the vehicle, nor if he was
the sole occupant of the vehicle when the vehicle was last occupied.”).
      Crutchfield did not offer an explanation for his possession of the truck (or the stolen
property within it), instead denying that he ever possessed them. Because Crutchfield did not
attempt to explain why he was in possession of items stolen from Decapua’s home, the
evidence is legally sufficient to support the conviction. See Jimenez, 67 S.W.3d at 507-08;
Jackson, 12 S.W.3d at 840-41. Thus, we overrule Crutchfield’s second point.
 
 
FACTUAL SUFFICIENCY
      Crutchfield claims in his first point that the evidence is factually insufficient because the
State offered no evidence directly linking him to Decapua’s home. As previously stated
however, the State may make a burglary case based on circumstantial evidence when the State
offers proof that the accused was found in possession of items stolen in the burglary soon after
it occurred.
      In reviewing a challenge to the factual sufficiency of the evidence, we begin with the
assumption that the evidence is legally sufficient. Santellan v. State, 939 S.W.2d 155, 164
(Tex. Crim. App. 1997). We must view all the evidence without the prism of the “in the light
most favorable to the prosecution” construct. Clewis v. State, 922 S.W.2d 126, 129 (Tex.
Crim. App. 1996). We ask “whether a neutral review of all the evidence, both for and against
the finding, demonstrates that the proof of guilt is so obviously weak as to undermine
confidence in the jury’s determination, or the proof of guilt, although adequate if taken alone,
is greatly outweighed by contrary proof.” Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim.
App. 2000); see also Goodman v. State, 66 S.W.3d 283, 285 (Tex. Crim. App. 2001).
       We must also remain cognizant of the factfinder’s role and unique position—one that the
reviewing court is unable to occupy. Johnson, 23 S.W.3d at 9. The jury determines the
credibility of the witnesses and may “believe all, some, or none of the testimony.” Chambers
v. State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). It is the jury that accepts or rejects
reasonably equal competing theories of a case. Goodman, 66 S.W.3d at 287. A decision is
not manifestly unjust as to the accused merely because the factfinder resolved conflicting views
of evidence in favor of the State. Cain v. State, 958 S.W.2d 404, 410 (Tex. Crim. App.
1997).
      Here, the jury chose to believe Foster’s testimony and rejected Crutchfield’s. Given
Crutchfield’s record and his admitted flight from Wilson’s home, the jury had ample reasons to
do so. See Tabor, 88 S.W.3d at 788; Jackson, 12 S.W.3d at 842; see also Jimenez, 67
S.W.3d at 507-08. Thus, we cannot say “that the proof of guilt is so obviously weak as to
undermine confidence in the jury’s determination, or . . . is greatly outweighed by contrary
proof.” See Johnson, 23 S.W.3d at 11. Accordingly, the evidence is factually sufficient to
support the conviction. We overrule Crutchfield’s first point.
      We affirm the judgment.
 
FELIPE REYNA
                                                                   Justice
Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna



Affirmed
Opinion delivered and filed February 4, 2004
Do not publish
[CR25]