IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00335-CR

 

James Joseph Richard,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 52nd District Court

Coryell County, Texas

Trial Court No. 17632

 



MEMORANDUM  Opinion



 








          James Joseph Richard was indicted for
aggravated sexual assault of a child, K.L.  The jury convicted Richard for the
lesser included offense of indecency with a child and sentenced him to fifteen
years in prison.  On appeal, he contends that the court erred by failing to sua
sponte include a burden of proof instruction as to extraneous offenses in
the guilt-innocence charge and the punishment charge.  We affirm.

THE GUILT-INNOCENCE CHARGE

 

 In his first issue, Richard complains of the
court’s failure to sua sponte include an instruction as to extraneous
offenses in the guilt-innocence charge.  

          “[A] trial court has
[a] sua sponte duty” to instruct the jury “on evidence of extraneous
offenses in the guilt-innocence charge when such evidence is admitted.”  Rodgers v State, 180 S.W.3d
716, 723-24 (Tex. App.—Waco 2005, no pet.).  The trial court must so
instruct “regardless
of whether the defendant requests such an instruction or objects to its
omission.”  Id. at 721.  When, as here, an appellant fails to object to
the charge at trial, he must show egregious harm to prevail on appeal.  See
Ngo v.
State, 175
S.W.3d 738, 743-44 (Tex. Crim. App. 2005); see also Almanza
v. State, 686
S.W.2d 157, 171 (Tex. Crim. App. 1985).

“Errors that result in
egregious harm are those that affect ‘the very basis of the case,’ ‘deprive the
defendant of a valuable right,’ or ‘vitally affect a defensive theory.’”  Ngo, 175 S.W.3d at 743
(quoting Hutch
v. State, 922
S.W.2d 166, 171 (Tex. Crim. App. 1996)).  “[T]o determine whether
the error was so egregious that a defendant was denied a fair and impartial
trial, a reviewing court should examine: 1) the entire jury charge; 2) the
state of the evidence; 3) the arguments of counsel; and 4) any other relevant
information in the record.”  Id. at 750 n.48; Almanza, 686 S.W.2d at 171. 
We consider whether the defendant “was harmed by the improper omission of the
instruction, not by the admission of evidence of extraneous offenses.”  Rodgers, 180 S.W.3d at 724; see Ellison
v. State,
86 S.W.3d 226, 228 (Tex. Crim. App. 2002).

The court admitted evidence that Richard: (1)
exposed K.L. to pornography; (2) locked K.L. in the garage and prevented her
from contacting her mother; (3) pulled down K.L.’s pants and underwear; (4) pulled
down his daughter’s pants and underwear; and (5) engaged in a “physical
confrontation” with his ex-wife, Cynthia Barber.  This evidence qualifies as
extraneous conduct.  See Rankin
v. State, 953
S.W.2d 740, 741 (Tex. Crim. App. 1996); see also Shea v. State, 167 S.W.3d 98, 104 (Tex.
App.—Waco 2005, pet. ref’d).[1]  Thus, the court erred by failing to sua
sponte include a limiting instruction in the guilt-innocence charge.  See Rodgers, 180 S.W.3d
at 723-24.

Arguing that the court’s omission caused him to
suffer egregious harm, Richard complains that the State mentioned the
extraneous offenses during closing arguments.  Because the jury convicted him
of the lesser offense of indecency with a child, Richard also contends that the
jury must have doubted K.L.’s credibility, but was swayed by the extraneous
offenses to believe that he is a “bad person generally.”      

However, the State’s closing argument made
little mention of any extraneous offenses and it is unlikely that the jury was
swayed by such evidence.  The record indicates that K.L. gave conflicting
accounts of whether Richard touched or penetrated her.  Having convicted
Richard of indecency with a child, as opposed to aggravated sexual assault, the
jury clearly chose to disbelieve K.L’s trial testimony alleging penetration.  See
Santellan
v. State, 939
S.W.2d 155, 164 (Tex. Crim. App. 1997); see also Perez v.
State, 113 S.W.3d 819, 838 (Tex. App.—Austin 2003, pet. ref’d).  This does not imply
that evidence of extraneous offenses led the jury to find Richard guilty of
indecency with a child.  Rather, even without the extraneous offense evidence,
the jury could have convicted Richard based solely on K.L.’s uncorroborated
testimony that Richard touched her.  See Perez, 113 S.W.3d at 838.  

Furthermore, Richard admitted into evidence Dr.
George Heiken’s evaluation which included information that Richard exposed K.L.
to sexually explicit material.  See Rodgers, 180 S.W.3d
at 725.  Richard agreed
to admission of K.L.’s Child Advocacy interview, in which K.L. described
instances where Richard exposed her to pornography and pulled down his daughter
and K.L.’s underwear.  He
opened the door to evidence regarding his altercation with Barber by eliciting
her testimony that Richard does not
have a criminal record or an anger problem.  See Cruz v. State, No. 04-05-00383-CR, 2006 Tex. App. Lexis 8088, at
*3 (Tex. App.—San Antonio Sept. 13, 2006, no pet.) (not designated for
publication); see also Houston v. State, 208 S.W.3d 585, 591 (Tex.
App.—Austin 2006, no pet.).  The
State then questioned Barber about the confrontation.  Accordingly, Richard
contributed to the admission of at least some of the extraneous offenses of
which he complains.   

There is also no mention in the
charge of any burden of proof other than reasonable doubt.  See McClenton
v. State, 167
S.W.3d 86, 98 (Tex. App.—Waco 2005, no pet.); see also McCormick v. State, No. 10-05-00325-CR, 2007 Tex. App. Lexis 183, at
*10-11 (Tex. App—Waco Jan. 10, 2007, no pet.) (not designated for publication). 
As to both
aggravated sexual assault and the lesser offense of indecency with a child, the
court’s application paragraph instructed the jury to acquit Richard unless it
found him guilty beyond a reasonable doubt.  The court further instructed that
the State bears the burden of proving every element of the charged offense
beyond a reasonable doubt.

In summary, we cannot say that the
court’s failure to sua sponte include a limiting instruction in the
charge caused Richard to suffer egregious
harm.  See Ngo, 175 S.W.3d at 743-44;
see also Almanza, 686 S.W.2d at 171; Rodgers, 180 S.W.3d at 724; Ellison, 86 S.W.3d at 228.  We overrule his first issue.




THE PUNISHMENT CHARGE

Richard’s second issue challenges the court’s failure to sua sponte
include an instruction as to extraneous offenses in the punishment charge.    

A reasonable doubt instruction as
to extraneous offenses must be included “in the punishment charge regardless of
whether the defendant requests it or objects to its omission.”  Rodgers, 180 S.W.3d at 720; see Huizar
v. State, 12
S.W.3d 479, 484 (Tex. Crim. App. 2000).  Richard complains of the
same extraneous evidence admitted during guilt-innocence.  Thus, the court
erred by not sua sponte including a reasonable doubt instruction as to
this evidence in the punishment charge.  See Rodgers, 180 S.W.3d at 725; see also Huizar, 12 S.W.3d at 484.      

The court’s punishment charge instructed
the jury that it “may take into consideration all the evidence admitted by the
Court in this case.”  Richard argues that this instruction was an “aggravating
factor” and “instructs the jury to consider evidence that it may or may not
have believed beyond a reasonable doubt.”  He also complains that his sentence is
high in light of the fact that he has no prior criminal record, the State’s
evidence was weak, he was eligible for probation, and the jury convicted on a
lesser included offense.

Richard testified at the punishment
phase of trial.  He admitted to the confrontation with Barber.  See Moore v. State, 165 S.W.3d 118, 126 (Tex. App.—Fort Worth 2005, no pet.).  He denied committing the other extraneous conduct.  The
State made little mention of the extraneous offenses during closing argument.  See
Allen v. State, 47 S.W.3d 47, 52 (Tex. App.—Fort
Worth 2001, pet. ref’d).

Even had the court’s charge
contained a reasonable doubt instruction, the record does not indicate that the
jury would have “disregarded or discounted the extraneous offense[s]” and
assessed a lighter sentence.  Escovedo v. State, 902 S.W.2d 109, 115 (Tex. App.—Houston [1st
Dist.] 1995, pet. ref’d). 
The jury could
have sentenced Richard based solely on K.L.’s testimony describing the offense
without reference to the extraneous evidence.  See Perez, 113 S.W.3d at 838; see
also Rachell
v. State, No. 14-05-00122-CR, 2006 Tex. App. Lexis 3264, at
*19-20 (Tex. App.—Houston [14th Dist.] April 13, 2006, pet ref’d) (not
designated for publication).  Moreover,
the jury assessed
punishment at fifteen years, despite the State’s request that Richard be
sentenced to the maximum of twenty years.  See Jones v. State, 111 S.W.3d 600, 610 (Tex. App.—Dallas 2003,
pet. ref’d); see also Rodgers, 180 S.W.3d at 725; Tabor v.
State, 88 S.W.3d 783, 789 (Tex. App.—Tyler 2002, no pet.).

Therefore, we cannot say that
the court’s failure to include a reasonable doubt instruction in the punishment
charge denied Richard a fair and impartial trial.  See Almanza, 686 S.W.2d at 171.  Because
Richard suffered no egregious harm as a result of the court’s omission, we
overrule his second issue.  See Rodgers, 180 S.W.3d at 725-26.

The judgment is affirmed.  

 

FELIPE REYNA

Justice

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray concurs in the judgment without a separate opinion)

Affirmed

Opinion delivered and
filed February 28, 2007 

Do not publish

[CR25]









[1]           “An extraneous offense is defined as any act of
misconduct, whether resulting in prosecution or not, that is not shown in the
charging papers.”  Rankin
v. State, 953
S.W.2d 740, 741 (Tex. Crim. App. 1996).