

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ALFRED CHARLES GREEN, | § | No. 08-13-00308-CR |
| Appellant, | § | Appeal from the |
| v. | § | 366th Judicial District Court |
| | § | |
| THE STATE OF TEXAS, | § | of Collin County, Texas |
| | § | |
| Appellee. | § | (TC# 366-82982-2011) |
| | § | |

## **O P I N I O N**

Mistakes sometimes happen in the heat of trial. During the punishment phase of the trial, the prosecutor handed an older draft of the jury charge to the trial judge which was then read to the jury. The older draft omitted a statutorily required instruction. The mistake was not caught until just before the jury announced that it had reached a verdict. The trial court proceeded to receive the verdict. Appellant, with new counsel, complains of that verdict and of the actions of his trial attorney. For the reasons set forth below, we affirm.[1]

### **FACTUAL SUMMARY**

Appellant was charged and convicted of aggravated assault with a deadly weapon. No error is raised with regard to the guilt-innocence phase of the trial, and we need not recite in

---

[1] This case was transferred from our sister court in Fort Worth pursuant to the Texas Supreme Court's docket equalization efforts. *See* TEX.GOV'T CODE ANN. § 73.001 (West 2013). We follow the precedents of the Fort Worth Court to the extent they might conflict with our own. *See* TEX.R.APP.P. 41.3.

detail the underlying facts of the crime. In short summary, his estranged wife claimed he threatened her with a knife. He in turn claimed that she was the aggressor. The jury believed the estranged wife and found Appellant guilty of aggravated assault.

The punishment phase ensued. The State had provided notice that it intended to seek an enhancement of Appellant's potential sentence under the habitual offender provisions of TEX.PENAL CODE Ann. § 12.42(d)(West Supp 2014). Specifically, the State contended that Appellant was convicted of two prior felony charges: a July 24, 2000, conviction for attempted possession of cocaine; and an October 23, 2007, conviction for possession of crack cocaine. Appellant pled "not true" to those counts.

The State tendered a Stipulation of Facts, signed by Appellant and his attorney, acknowledging that he was the same person as referenced in State's Exhibit 12. Exhibit 12 consisted of a penitentiary packet from Louisiana. In addition to the two specific prior convictions claimed in the notice of enhancement, the packet contained references to a number of other prior arrests and charges. Both the stipulation and the penitentiary packet were admitted without objection.

Appellant testified in both the guilt-innocence and punishment phases of the trial. He was asked about his prior convictions both times. At the punishment phase, he recalled going to the penitentiary in the 1980s for possession of a stolen vehicle. He also recalled going back to the penitentiary in 2007 after getting mixed up with the "wrong guys" who were selling drugs. When asked about his 2000 conviction, his recollection was initially conflicting. When confronted with the charge, he first said, "No, that's -- that don't sound right." He remembered some kind of conviction in 2000, but initially thought he served the time in the Orleans Parish Prison. When asked specifically about whether he served a 30 month sentence, he testified that

2

he was convicted for possession of cocaine "just one time." After being reminded of his stipulation, he testified that "You know, it's been a while, but I did time for each one of them." He was shown State's Exhibit 12, and after reviewing a portion of the document was asked:

> Q. (BY MS. POLICASTRO) Mr. Green, I'm showing you part of State's Exhibit 12. It is the page that is in that attempted -- or the possession of cocaine from the offense date of the 24th of July of the year 2000. And, in fact, you were convicted by a jury of your peers in that one, and you were sentenced to probation, but then were revoked from probation on January 4th, 2001. Do you remember doing that?
>
> A. Yes, I think so.
>
> Q. Okay. And that is where they sent you to 30 months at the Orleans Parish Prison. Do you remember that?
>
> A. Yes.
>
> Q. Okay. So does that help remind you of when you were sent that time?
>
> A. Yes, ma'am.

In the guilt-innocence phase, Appellant was also asked about his prior convictions. He admitted being convicted twice. He testified to going to prison in 2007 for drug possession. He was asked about another charge in 2000 which sent him to prison. He recalled two offenses in 2000, one of which was dropped. When directly asked if he was convicted in 2000 for crack or cocaine, he said he could not understand the question, but knew he had been to prison twice.

The charge in the penalty phase tracked the notice of enhancement and in relevant part read:

> In penalty paragraph one of the State's Notice of Enhancement, filed on the 5th day of September, 2011, it is alleged that . . . the defendant was convicted of the felony offense of Attempted Possession of Cocaine in the Criminal District Court of Orleans Parish, Louisiana, on or about the 24th day of July, 2000.
>
> In penalty paragraph two of the State's Notice of Enhancement, filed on the 5th day of September, 2011, it is alleged . . . the defendant was convicted of

3

the felony offense of Possession of Crack in the Criminal District Court of Orleans Parish, Louisiana, on or about the 23rd day of October, 2007.

You are instructed that if you find beyond a reasonable doubt that this defendant is the same person who was convicted in each of the cases alleged in the two penalty paragraphs contained in the indictment and that such convictions occurred as alleged, then you will find the allegations in penalty paragraphs one and two are true and so state in your verdict, and you will assess punishment at confinement in the Institutional Division, of the Texas Department of Criminal Justice for Life or for any term not more than ninety nine (99) years or less than twenty five (25) years.

But if you do not find from the evidence beyond a reasonable doubt that the allegations in both of the penalty paragraphs are true and that this defendant is the same person who was convicted in both such cases, you will next proceed to consider the question whether the defendant has been convicted one before of a felony [sic].

The jury charge then provided separate questions and punishment ranges if the jury found only one of the two prior convictions true, or neither of the prior convictions true.[2]

The jury sent out a note during its deliberations asking if the charge had a typographical error; the charge referred to a State's Notice of Enhancement dated September 5, 2011 when the actual date was September 2013. The trial judge sent back a note confirming the error in the date. But as the prosecutors looked at the charge, they apparently realized that an earlier draft had mistakenly been given to the judge, which the judge then used to charge the jury. And in addition to the typographical error with the date, that earlier draft omitted an instruction on prior offenses:

You are instructed that if there is any testimony before you in this case regarding the defendant's [sic] having committed offenses other than the offense alleged against him in the indictment in this case, you cannot consider said testimony for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such offenses, if any were committed, and even then you may only consider the same in determining the intent, knowledge, or identity of

---

[2] If only one of the counts was true--that is, he had only one prior felony--the statutory penalty ranged from five years up to 99 years or life. If neither count was true, the punishment range for aggravated assault ranged from two to twenty years.

4

the defendant, if any, in connection with the offense, if any, alleged against him in this case, and for no other purpose.

The prosecutor then asked that the jury be given the correct charge. When asked if he objected to the incorrect charge, Appellant's counsel said "No, not necessarily." The trial court then denied the State's request to re-charge the jury.[3] And just as this exchange took place, the jury sent out a note that they had reached a verdict.

The jury found both paragraphs were true, but sentenced Appellant to the lowest amount of time possible for a person twice convicted before of a felony (25 years), and assessed no fine.

Appellant is represented by different counsel on appeal. His brief raises two issues for our review. In Issue One, he contends the trial court erred in not *sua sponte* including the beyond-a-reasonable-doubt instruction for prior convictions. In Issue Two, he claims he was denied effective assistance of counsel at trial, because his trial counsel did not notice the omission himself, or act affirmatively to remedy the error once it came to everyone's attention. We address these issues in turn.

## CHARGE ERROR

Appellate review of charge error involves a two-step process. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex.Crim.App. 2012); *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex.Crim.App. 1994); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App. 1984)(op. on reh'g). First, we must determine whether error occurred. *Wooten v. State*, 400 S.W.3d 601, 606 (Tex.Crim.App. 2013); *Abdnor*, 871 S.W.2d at 731. When determining whether the charge is erroneous, we

---

[3] "[State's attorney]: It improperly charges them on the law. It also fails to put in the extraneous offense requirement that, especially since it came in, it's necessary for them --

THE COURT: Well, the evidence is closed. The Court charged the jury. The jury's deliberating. So the request to bring the jury back in and change the Charge, read them a new Charge, is overruled and denied."

consider it "as a whole instead of a series of isolated and unrelated statements." *Dinkins v. State*, 894 S .W.2d 330, 339 (Tex.Crim.App. 1995).

In this case, there is no dispute that the charge contained an error. TEX.CODE CRIM.PROC.ANN. art 37.07, § 3(a)(West Supp. 2014) provides that in the punishment phase of a non-capital case, the jury should not consider prior extraneous crimes or bad acts unless it is satisfied beyond a reasonable doubt that such offenses are attributable to the defendant. The Court of Criminal Appeals in *Fields v. State*, 1 S.W.3d 687, 688 (Tex.Crim.App. 1999) and *Huizar v. State*, 12 S.W.3d 479, 484 (Tex.Crim.App. 2000)(op. on reh'g) interpreted this provision to require a trial court to *sua sponte* include an instruction informing the jury of this requirement. A trial court need not give a beyond-a-reasonable-doubt instruction concerning extraneous offenses when those offenses resulted in either a final conviction, probation, or deferred adjudication. *Bluitt v. State,* 137 S.W.3d 51, 54 (Tex.Crim.App. 2004). But the penitentiary packet introduced by the State here contained references to multiple arrests and charges that never resulted in a final conviction. Accordingly, the State does not contest the charge required the missing instruction.

Having found error, we must next determine whether sufficient harm resulted so as to require reversal. *Wooten*, 400 S.W.3d at 606. Under this second prong, we first determine if the defendant properly preserved the error by objection. *Middleton v. State*, 125 S.W.3d 450, 453 (Tex.Crim.App. 2003). If the defendant failed to object to non-constitutional error in the charge, as in this case, reversal is required only if the error is so egregious and created such harm that the defendant did not have a fair and impartial trial. *Sakil v. State*, 287 S.W.3d 23, 26 (Tex.Crim.App. 2009).

"An egregious harm determination must be based on a finding of actual rather than

6

theoretical harm." *Cosio v. State*, 353 S.W.3d 766, 777 (Tex.Crim.App. 2011). Actual harm is established when the erroneous jury instruction affected "the very basis of the case," "deprive[d] the defendant of a valuable right," or "vitally affect[ed] a defensive theory." *Cosio*, 353 S.W.3d 777, *citing Almanza*, 686 S.W.2d at 171.

We look to four factors to determine whether an appellant was egregiously harmed by an erroneous jury instruction: (a) the entire jury charge; (b) "the state of the evidence[,] including contested issues and the weight of the probative evidence;" (c) the parties' arguments; and (d) all other relevant information in the record. *Cosio*, 353 S.W.3d at 777 [Citations omitted]. This analysis, first articulated in *Almanza*, is fact specific and done on a "case-by-case basis." *Gelinas v. State*, 398 S.W.3d 703, 710 (Tex.Crim.App. 2013).

*The Charge*

The charge as whole does not lead us to conclude the error was egregious. Appellant points out that the guilt-innocence charge contained the Article 37.07 instruction, while the punishment phase omitted it. From this, Appellant reasons that the jury could have believed that the omission was intentional and invited them to consider prior bad acts on something less than the beyond-a-reasonable-doubt-standard. But the jury was asked a specific question: Was the enhancement paragraph true? That paragraph limited the jury's consideration of prior convictions to two particular convictions, one in 2000 and one in 2007. The jury was specifically instructed that they could not find the paragraph true unless it believed "beyond a reasonable doubt" that Appellant was "the same person who was convicted in each of the cases alleged in the two penalty paragraphs contained in the indictment and that such convictions occurred as alleged . . . ." Each succeeding question in the charge also required proof of any

7

prior conviction beyond a reasonable doubt. Because the enhancement question itself incorporated the beyond a reasonable limitation, this factor weighs against egregious error.

*State of the Evidence*

Here we look to the state of the evidence to determine whether it more or less likely that the jury charge caused Appellant actual harm. *See, e.g., Ngo v. State*, 175 S.W.3d 738, 751-52 (Tex.Crim.App. 2005). We recognize that Appellant's testimony reflects some confusion about the dates and descriptions of some of the prior convictions. He was certain he had received two prior state prison terms. He had no confusion about his more recent 2007 conviction. He was unsure about the 2000 conviction until he was shown a document which refreshed his recollection. Once he reviewed the document, he agreed he was convicted in 2000 as reflected in the enhancement paragraph. The penitentiary packet itself clearly indicated that Appellant was convicted on both of the charges reflected in the enhancement paragraph.

Appellant and his counsel stipulated that he was the same person referenced in State's Exhibit 12. That particular exhibit documents both of the prior convictions set out in the enhancement question. A defendant in a criminal case may stipulate to evidence against him. *Bryant v. State*, 187 S.W.3d 397, 400 (Tex.Crim.App. 2005). The stipulation "is a kind of judicial admission." *Id*. at 400. And once stipulated, the State was relieved of its burden of proving the matters contained in the stipulation. *Id*. Having made this stipulation, and then making no objection to the introduction of the penitentiary packet, we fail to see how any meaningful fact issue was ever created as to the truth of the enhancement paragraphs. *See Frazier v. State*, 15 S.W.3d 263, 267 (Tex.App.--Waco 2000, no pet.)(in light of prior convictions proven up with fingerprints, no error was shown in failure to give Article 37.07 instruction).

8

*The Parties' Arguments*

Under this factor, we look to whether any statements made by the State, Appellant, or the trial court exacerbated or ameliorated error in the charge. *See, Ngo*, 175 S.W.3d at 750. In *Ngo*, for instance, the court found egregious harm when the jury charge did not contain a unanimity instruction and the jury was repeatedly told it need not return a unanimous verdict. *Ngo*, 175 S.W.3d at 752. Appellant here focuses on the closing statement made by the State's prosecutor that purportedly invited the jury to answer the enhancement question true if it found at least two prior convictions from the several put into evidence.

The prosecutor did mention that there were more than two convictions, but she never told the jury that it could use any combination of convictions to answer the enhancement question. The prosecutor certainly discussed Appellant's prior charges, arguing that he had failed to learn from his prior mistakes and should be given a lengthy sentence. But for the enhancement question itself, she focused on the two particular charges denominated in that question. As she told the jury:

> The punishment Charge sounds incredibly complicated. It's really not. Basically what it's saying is if you believe that when he agreed to those prior two pen trips to the penitentiary were true, if you believe when he admitted it, then they're true. That's basically what that means.

At one juncture the prosecutor argued that there is "no evidence to say that those prior convictions aren't true, and they span a number of years from the '80s to as recently as 2007 when he was last sent." This statement might suggest that the jury could look to an early theft charge in the 1980s, but the prosecutor quickly followed up by saying: "But as complicated as this may sound, it really is basically saying, as long as you find at least two prior trips *that we've alleged* are true, then you don't need to concern yourself with the first verdict form and that first explanation." [Emphasis added].

9

Conversely, Appellant's counsel never disputed the two prior convictions as alleged in the enhancement paragraphs. In fact, in closing he stated: "I'm not going to get up here and lie to you . . . clearly we've stipulated that these things are true." Appellant's counsel asked for a minimum sentence, even specifically asking for the minimum sentence which attaches if there is one prior conviction. But he never developed any plausible argument that the State failed to prove the two prior convictions in the enhancement paragraphs.

*Other Considerations*

One other consideration informs our view on whether there was egregious harm. While the jury found the enhancement paragraphs true, it assessed the lowest punishment possible under the circumstances. The twenty-five-year sentence is the lowest in the range for a conviction where there are two prior qualifying convictions. TEX.PENAL CODE ANN. § 12.42(d). The jury also assessed no fine. This indicates that the jury was not swayed by the numerous other arrests and other charges which were admitted into evidence. *See Brown*, 45 S.W.3d at 232 (jury giving probation and minimal sentence suggests no egregious harm from omission of Article 37.07 instruction); *Tabor v. State*, 88 S.W.3d 783, 789 (Tex.App.--Tyler 20002, no pet.)(sentence well below what prosecutor asked suggests lack of prejudice even when Article 37.07 instruction was not given).

In summary, the only factor that weighs in favor of finding egregious harm is the omission of the instruction itself. All the other factors are neutral or support the lack of any harm. We conclude that there was no egregious error in this situation. *See Arrington v. State*, 451 S.W.3d 834, 845 (Tex.Crim.App. 2015)(finding no egregious error when the "evidence in the entire record and the analytical meaning of the jury's verdicts in the aggregate show that the erroneous instructions did not cause actual harm to appellant"); *Cosio*, 353 S.W.3d at 777-78

10

(no egregious harm when there were no factors outside of the charge itself); *Tabor*, 88 S.W.3d at 789; *Brown*, 45 S.W.3d at 232.  Accordingly, we overrule Issue One.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In Issue Two, Appellant claims that his trial counsel's failure to have the trial court re-charge the jury with the Article 37.07 instruction denied him effective assistance of counsel.  To prevail on a claim of ineffective assistance of counsel, Appellant must satisfy a two-prong test by a preponderance of evidence showing that:  (1) his attorney's performance was deficient; and that (2) his attorney's deficient performance deprived him of a fair trial.  *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Ex parte Chandler,* 182 S.W.3d 350, 353 (Tex.Crim.App. 2005).  Appellant must satisfy both *Strickland* components, and the failure to show either deficient performance or prejudice will defeat an ineffectiveness claim.  *Perez v. State,* 310 S.W.3d 890, 893 (Tex.Crim.App. 2010), *citing Thompson v. State,* 9 S.W.3d 808, 813 (Tex.Crim.App. 1999).

When the prejudice prong of *Strickland* is dispositive of the ineffective claim, we need only address that prong on appeal.  *See Seamster v. State,* 344 S.W.3d 592, 594 (Tex.App.--Houston [14th Dist.] 2011, pet. ref'd); *My Thi Tieu v. State,* 299 S.W.3d 216, 225 (Tex.App.--Houston [14th Dist.] 2009, pet. ref'd)(it is unnecessary to determine whether trial counsel's representation was deficient if appellant cannot satisfy the second *Strickland* prong), *citing Strickland,* 466 U.S. at 697, 104 S.Ct. at 2069-70.  Under this second prong, Appellant must show that counsel's errors were so serious that they deprived him of a fair and reliable trial. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064; *Perez,* 310 S.W.3d at 893 (to establish prejudice, the defendant must show a reasonable probability exists that, but for counsel's deficient performance, the result of the proceeding would have been different).

For the same reasons as noted in the Appellant's first issue, we find no prejudice from any failure in re-charging the jury. There was no serious dispute that Appellant had two prior felony convictions just as alleged in the enhancement charge. He stipulated to being the same person for which there were records documenting the convictions. And while his testimony reflected some confusion about the dates and specifics for one of the convictions, once shown the penitentiary packet, his recollection was refreshed and he acknowledged the conviction. Moreover, the jury's decision to assess the absolute minimum available sentence, and assess no fine, shows a lack of prejudice from the admission of the multiple other references to arrests and convictions found in the State's exhibits. *See Graves v. State,* 176 S.W.3d 422, 437 (Tex.App.-- Houston [1st Dist.] 2004, pet. struck)(because there was no prejudice in failure to give 37.07 instruction, there was no prejudice under *Strickland* for failure to ask for the charge). We overrule Issued Two and affirm the judgment of the trial court below.


May 13, 2015

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)

12